## Iannetti v. Philadelphia Suburban Transportation Company

*Herman L. Hecht*, for plaintiff.

*Axelroth & Porteous*, for defendant.

FLOOD, J., December 19, 1947.—The preliminary objections in this case attack the service of the complaint by which the action was started. The complaint charges defendant with negligence in an accident in which plaintiff was injured in Chester County, Pa. Suit was started in Philadelphia County and service was made by deputizing the Sheriff of Delaware County who served defendant at its office in that county. Defendant objects that since Philadelphia was not the county in which the accident occurred and since defendant did not do a substantial part of its business in Philadelphia, it could not be served there.

Under the Procedural Rules an action of trespass may be begun either in the county in which an action of assumpsit may be begun or as provided by an act of assembly: Pa. R. C. P. 1042.

Pa. R. C. P. 1006 (*b*) provides that actions of assumpsit against corporations and similar entities may be brought in, and only in, the counties designated in rule 2179.

Pa. R. C. P. 2179 provides in subsection (*a*) (2) that a corporation may be sued in a county where it regularly conducts business.

We are therefore left with the proposition that even though the accident did not happen in Philadelphia County, suit may be brought here if the corporation regularly conducts business here.

Defendant's argument that it does only an infinitesimal part of its business in Philadelphia cannot stand in the face of the facts stated in the answer to the objections. Such facts are admitted for the purpose of these objections, since no depositions have been taken: Pa. R. C. P. 209. These facts are that defendant is a public service company engaged in the business of operating buses on Philadelphia streets on regular schedule. Defendant contents itself with the mere statement that it "does not transact any substantial part of its business in Philadelphia County and has no property, office or place of business in said county". As to the regular conduct of business which is the important factor under rule 2179, this averment is a conclusion and is not sufficient basis for sustaining the objection, especially in the face of the averments in the answer. This is not a case like Philadelphia Gear Works v. Read Machinery Co., Inc., 139 Pa. Superior Ct. 584 (1940). There is not here a mere solicitation of orders to be filled in some other county. In this case, defendant not only collects fares but apparently furnishes service within the county directly to its patrons with its buses. We cannot see how it can be reasonably claimed that defendant is not doing business in Philadelphia in this situation or that it is not regularly conducting business in Philadelphia as required by Pa. R. C. P. 2179(a)(2).

In view of the procedural rules quoted, the argument that deputized service can be made only if the action is brought in the county where the accident occurred falls. Pa. R. C. P. 2179 supersedes any such rule so far as it relates to venue, and Pa. R. C. P. 2180(b), which is a specific authorization to serve by deputy, supersedes any such rule so far as it relates to service.

The preliminary objections are overruled. Defendant is given the right to file an answer to the merits within 20 days.

NOTE.—See Lallone v. Philadelphia Suburban Transportation Co., 61 D. & C. 248.