## Lallone v. Philadelphia Suburban Transportation Company

*Richman & Richman*, for plaintiff.
*Axelroth & Porteous*, for defendant.

KUN, J., January 8, 1948.—The complaint filed in this case charges defendant with negligence in the operation of one of its buses in Chester County as a result of which plaintiff was injured. Service on defendant was made by deputizing the Sheriff of Delaware County, who served defendant at its office there. Defendant filed preliminary objections questioning the sheriff's return and the jurisdiction of the court, on the ground that defendant "does not transact any substantial part of its business in Philadelphia County" and has no property and/or place of business therein. Plaintiff filed an answer to the objections denying that defendant does not transact any substantial part of its business in Philadelphia County, also denying that defendant has no property in this county; on the contrary, averring that defendant does transact its business in Philadelphia County and has property in it in so doing, based on the allegation that defendant operates its motor buses as follows: "From the 69th Street Terminal in Upper Darby, Delaware County,

Pa., over Long Lane and Church Lane to 68th Street and Greenway Avenue; then east to 65th Street; then south to Elmwood Avenue; then west to 67th Street; then north on 67th Street, in the City and County of Philadelphia", with the further averment that the operation in the City and County of Philadelphia by defendant of its motor buses is "on a schedule of every six minutes during the busy hours of the day". The precise points in the above-described route of the buses at which they enter and leave the County of Philadelphia is not stated, but that they are so regularly operated within the county is clearly stated in the answer to defendant's objections, as in the original complaint filed, by the averment that on the date mentioned therein defendant was "engaged in the business of a public or common carrier of passengers by means of motor buses along and over the public highways of the City of Philadelphia". Since no depositions were taken, the factual averments in the answer to the objections must be taken as true.

Similar objections were filed in the companion case, Iannetti v. Philadelphia Suburban Transportation Co., 61 D. & C. 276. We have the benefit of an opinion by Judge Flood of that court overruling the objections. We are in agreement with the views therein expressed.

The question here is whether on the basis of the record the service of the complaint was proper and whether the court has jurisdiction of the cause of action pleaded. Rule 2179 (Venue) of the Procedural Rules provides that a personal action against a corporation may be brought in (a) (2) "a county where it regularly conducts business". The use of the word "substantial" in connection with the term "business" employed in the objections filed and the answer thereto was evidently due to the fact that the same word was used in the opinion of Mr. Justice Stern in Walde v. Bowers Battery Co., Inc., 337 Pa. 97, or rather they

are used in quotations from Amram's Pennsylvania Common Pleas Practice, 4th ed., p. 34, §19, and Lobb v. Pennsylvania Cement Co., 285 Pa. 45, noted at pp. 99 and 100 of the Walde case. It is to be noted, however, that the quoted portion of rule 2179 does not contain any such qualifying term. The qualifying term there used is "regularly", so that what is required to give jurisdiction in a county against a corporation in that respect is that it "regularly conducts business" therein. The jurisdictional amenability of a corporation in these circumstances is not to be determined by the proportion of its business that it does in the county because the law has provided no basis of determining it, but rather on a determination of whether or not it regularly conducts business in the county, and the term "substantial" which crept into the quotations referred to must be taken to have been used in the sense of "pertaining to or having substance", one of the meanings of the term according to Webster's Collegiate Dictionary, 5th ed. It is pointed out also that Amram, in the quotation referred to adopted by the Supreme Court in the Walde case, states that process may be issued against a domestic corporation where it "exercises its franchises and locates the whole or part of its property". To the same effect is the Lobb case, supra (p. 47), where the phrase is used that a domestic corporation may be served "where it habitually carries on a substantial part of its business or exercises its franchises and has property".

It is clear to us that the allegations in this case that defendant operates its buses along and over highways of the county with such frequency as "every six minutes during the busy hours of the day" is equivalent to an averment that it exercises its franchises in the county and has part of its property therein more or less continuously. The pleadings clearly show that defendant "regularly conducts business" in Philadelphia County, which makes it subject to suit in the

county. Being so subject, it was likewise subject to service in Delaware County by deputization.

The preliminary objections are overruled, with leave to defendant to file an answer to the merits within 20 days.