## Diamond K, Inc., v. Mobile Industrial Equipment Corp.

*Irwin Schneider*, for plaintiff.

*Carlon M. O'Malley, John W. Bour* and *Joseph A. Palmer*, for defendant.

EAGEN, J., December 4, 1957.—Defendant corporaton sold a Model LT Towmoter Fork Lift Truck to plaintiff corporation. An explosion and fire subsequently occurred in the truck resulting in its complete destruction and extensive damage to a building owned by plaintiff.

Alleging that the fire and explosion were caused by latent defects in the truck and that a breach of warranty occurred, this action in assumpsit in Lackawanna County to recover damages to compensate for the loss suffered was instituted.

Defendant's principal office and place of business is in the City of Philadelphia. Plaintiff's place of business is in Scranton.

The complaint was served upon defendant by the sheriff of Philadelphia County deputized by the sheriff of this county.

Defendant filed preliminary objections to the complaint raising the following objections to the venue and jurisdiction of this court in the action: (1) Defendant is not and at the time of the institution of this action was not regularly conducting business in Lackawanna County; (2) defendant does not and at the time of institution of this action did not have any place of business in Lackawanna County; (3) the cause of action did not arise in Lackawanna County; (4) no transaction or occurrence out of which the cause of action arose took place in Lackawanna County; (5) this is not an action on a policy of insur-

ance nor is it an action against an insurance company, association or exchange.

Plaintiff filed an answer to the objections admitting 2 and 5 to be correctly and factually stated but specifically denied 1, 3 and 4. Depositions were then taken by defendant in support of the facts and conclusions set forth in the disputed objections.

Under rule 2179 (a) of the Pennsylvania Rules of Civil Procedure, as amended July 1, 1956, an action in assumpsit may be instituted against a corporation or similar entity: (a) In the county wherein it regularly conducts business; (b) in the county wherein the cause of action arose; or (c) in the county wherein the transaction or occurrence took place out of which the cause of action arose.

May this court's jurisdiction be upheld? Does the transaction fall within any of the above categories? The answer to this question is involved and not an easy one to resolve.

We think clearly that defendant corporation was not "regularly doing business" in Lackawanna County. It has no place of business here and its registered office and principal place of business is in the City of Philadelphia.

The sale was solicited here by an officer of defendant corporation, who happened to be in the City of Scranton temporarily discussing business with another potential customer. The actual sale was consummated days later in a phone conversation between a sales representative of defendant corporation in Philadelphia and an officer of plaintiff corporation in Scranton. Delivery was made in Philadelphia.

To constitute "doing business" within the Pennsylvania Civil Procedure Rules and also the due process clause of the Federal Constitution, the transaction involved must be something more than transient. In

our opinion, the deal involved, as far as Lackawanna County is concerned, was of that nature.

While there is no general principle which determines what is doing business, there must be something in addition to solicitation and the business must be habitual and continuous: New v. Robinson-Houchin Optical Company, 357 Pa. 47; and Bratcher v. Wheeling and L. E. R. Company, 96 Pitts. L. J. 56.

Did the cause of action arise in Lackawanna County? We conclude that it did.

The contract of sale was finalized in this manner. The sales representative of defendant corporation phoned the president of plaintiff corporation in Scranton to offer for sale the truck involved. An outright sale was not then agreed upon, but it was agreed that the truck would be leased for use by plaintiff corporation for two weeks with an option of purchasing at the end of that period and having the rental payments applied to the purchase price. Approximately one week later the president of plaintiff corporation phoned from Scranton the sales representative of defendant corporation in Philadelphia and agreed to buy the truck but suggested that certain minor repairs thereto were necessary and that defendant corporation should stand this expense. Defendant's representative told him to go ahead with the repairs and deduct the cost from the agreed purchase price.

It seems clearly established that where a contract is negotiated by telephone, it is made where the acceptance is spoken. See United States v. Bushwick Mills, 165 F. 2d 198; Rothenberg v. Rothstein & Sons, 181 F. 2d 345; Lynn v. Employment Reinsurance Corporation, Court of Common Pleas No. 7, Philadelphia County, March term, 1954, no. 8686.

The acceptance was made by the president of plaintiff corporation speaking into the phone in Scranton. This concluded the contract of sale. The option given

theretofore was merely a continuing offer and did not ripen into a binding contract until the option was exercised. The discussion concerning the repairs necessary to the equipment did not amount to a counter-offer. This in effect amounted only to an effort to reduce the amount of the purchase price and did not materially change the basic form of the offer and the acceptance nor did it qualify or impair the legal effect of either.

Therefore, December 4, 1957, the preliminary objections to the complaint are overruled. Defendant is allowed 20 days in which to file an answer.