## Smerk v. Philadelphia Suburban Transportation Company

*Francis X. Hope, Jr.,* and *Fox, Rothschild, O'Brien & Frankel* for plaintiff.

*Robert E. Jones* and *Rawle & Henderson,* for defendant.

ALESSANDRONI, P. J., March 24, 1958.—This cause of action arose out of a collision between plaintiff's automobile and defendant's bus in Delaware County, Pa. Plaintiffs are residents of Delaware County, defendant maintains its offices in Delaware County, and the major portion of defendant's business is conducted in Delaware County.

The complaint was filed in Philadelphia. Service of the complaint was obtained by the Sheriff of Philadelphia County who deputized the Sheriff of Delaware County.

Defendant objects to venue in Philadelphia County. Its objections state all parties are resident in Delaware County; that the cause of action accrued there; that defendant does not regularly conduct a substantial part of its business in Philadelphia County; it further argues that there is no connection whatsoever between this cause of action and the courts of Philadelphia; that venue is lacking in Philadelphia.

An action in trespass is transitory and may be instituted in any county where defendant can be served or

in the county in which the cause arose: Bookwalter v. Stewart, 369 Pa. 108. The choice of forum when plaintiff can obtain jurisdiction in more than one forum is plaintiff's. If defendant prefers a different forum on the ground of defendant's choice, it is of absolutely no consequence. The convenience of the parties is not the determinant.

Pennsylvania Rule of Civil Procedure 2179 controls venue of personal actions against corporations in the absence of express statutory provisions. Subsection (a) (2) provides for venue in any county where the corporation regularly conducts business.

The complaint alleges that defendant operates as a common carrier in Philadelphia County. Defendant argues that it does not conduct a "substantial" portion of its business in Philadelphia County. Plaintiff's answer to the objections alleges that defendant operates a bus route in Philadelphia. For the purpose of the objections, the fact of operating in Philadelphia must be accepted as true.

Defendant's contention would necessitate adding the word "substantial" to the language of Pa. R. C. P. 2179(a) (2). This we may not do. Defendant has advanced this argument in two cases in the past and has not prevailed: Iannetti v. Philadelphia Suburban Transportation Co., 61 D. & C. 276, and Lallone v. Philadelphia Suburban Transportation Co., 61 D. & C. 248. In both instances the clear language of the rule controlled. If the rule required that a corporation regularly conduct substantial business in the county, the rule would so state.

Defendant endeavors to distinguish the above cases on the ground that plaintiffs in both cases were Philadelphia residents and, therefore, the fact that plaintiffs in the instant case reside in Delaware County warrants a contrary result. This supposed distinction is

meaningless. (Parenthetically, the cited cases do not reveal the residence of the plaintiffs.) Unless expressly required by the type of action, plaintiff's residence is of no consequence and cannot affect either jurisdiction or venue. The residence of a plaintiff is immaterial if jurisdiction of the defendant can be obtained.

Defendant was properly served; this court has jurisdiction. Defendant's argument about residence of plaintiffs has no legal significance or weight. Defendant's preference as to forum is likewise entitled to no consideration. The choice is that of the person aggrieved, subject to the jurisdictional and venue requirements.

*Order*

And now, to wit, March 24, 1958, defendant's preliminary objections are dismissed.