## Monaco, Appellant, *v.* Montgomery Cab Company.

Argued November 23, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Burton Hoffman,* with him *Joseph Patrick Gorham,* for appellant.

*Richard S. Hoffmann,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 16, 1965:

This is an appeal from the dismissal of a complaint in trespass against a corporate defendant because of improper venue.

In his complaint, plaintiff-appellant, Michael Monaco, alleged injuries arising out of an accident in Montgomery County caused by the negligence of an employee of defendant-appellee, Montgomery Cab Company. Plaintiff began suit in Philadelphia County by a writ of summons, which was served on November 18, 1957. Defendant filed a "de bene esse" appearance on November 27, 1957, "for the purpose of raising questions of jurisdiction." The summons was reissued on August 21, 1959, and, by deputized service, was served on defendant in Montgomery County on September 2, 1959. On October 6, 1959, defendant caused a rule to issue on plaintiff to file a complaint. In due course, the complaint was filed by plaintiff and preliminary objections were filed by defendant, challenging the propriety of venue in Philadelphia County. The lower court sustained the objection and dismissed the complaint.

Plaintiff contends that defendant entered a "general appearance" when it caused a rule to file a complaint to issue and thereby waived its right to object to venue. Notwithstanding the promulgation of the Pennsylvania Rules of Civil Procedure, the prior doc-

trine persists that the entering of a "general appearance," i.e., the performance of an act which unconditionally accepts the jurisdiction of the court for all purposes, causes a waiver of "jurisdictional" objections, *C. E. Williams Co. v. H. B. Pancoast Co.*, 412 Pa. 166, 194 A. 2d 189 (1963), *Simpson v. Simpson*, 404 Pa. 247, 251, 172 A. 2d 168, 171 (1961), which, for procedural purposes only, includes venue. *County Construction Co. v. Livengood Construction Corp.*, 393 Pa. 39, 45, 142 A. 2d 9, 13 (1958). Assuming, arguendo, the continued general propriety of this doctrine, in the face of the Rules of Civil Procedure, it is plain that it is inapplicable here.[1] Defendant never entered a "general appearance."

---

[1] It is difficult to perceive why this doctrine should continue to survive.

First, the rule that a "general appearance" causes a waiver used to be offset by the rule that a party could file a "de bene esse" appearance, that is, a limited appearance for the purpose of challenging jurisdiction. See Act of 1925, March 5, P. L. 23, §§1, 2, 12 P.S. §§672, 673. Under present practice, however, there is no provision for this form of appearance in the Rules of Civil Procedure, and it has been considered unavailable. Pa. R. C. P. 1451(7) ; 1 Goodrich-Amram, §1012-1. Now, the exclusive method of challenging jurisdiction is by way of preliminary objection under Pa. R. C. P. 1017(b). *C. E. Williams Co. v. H. B. Pancoast Co.*, 412 Pa. 166, 170, 194 A. 2d 189 (1963).

Second, under the Rules of Civil Procedure, the provisions relating to appearances are in no way expressly related to the right to file preliminary objections. Under Rule 1012, in an assumpsit action, an appearance is purely voluntary. See Note of Procedural Rules Committee. Its sole purpose seems to be to provide a name and an address within the county at which papers may be served. Failing to file an appearance has no consequence. Under Pa. R. C. P. 1045, in a trespass action, the filing of an appearance, either after a writ of summons or after a complaint, prevents the entering of a default judgment under Pa. R. C. P. 1047, when defendant makes no responsive pleading. That is, the appearance may be effective as an answer, at defendant's option.

In the case of a personal action against a corporate defendant, venue lies in the county where it has its registered office or principal place of business, where it regularly conducts business, where the cause of action arose, or where a transaction or occurrence took place out of which the cause of action arose. Pa. R. C. P.

---

But the entry of an appearance "shall not affect the defendant's right to plead." Pa. R. C. P. 1045(c). Of course, in trespass, as in assumpsit, the filing of an appearance may serve the purpose of providing a name and address within the county where papers may be served.

Third, the Rules of Civil Procedure expressly provide the manner in which a party is deemed to have involuntarily waived his objections to "jurisdiction." We have already noted that the exclusive method of raising such objections is by preliminary objection under Pa. R. C. P. 1017(b)(1). A preliminary objection is a pleading. Pa. R. C. P. 1017(a). Like other responsive pleadings it must be filed within 20 days of the preceding pleading if the preceding pleading is endorsed with a notice to plead. Pa. R. C. P. 1026. The preliminary objections must be raised before the lapse of the 20 days or they will be deemed waived (with certain exceptions) under Pa. R. C. P. 1032, unless a waiver of the time limitation can be obtained under Pa. R. C. P. 1003. And all the preliminary objections that a party may have at such time must be filed concurrently. Pa. R. C. P. 1028(b).

Accordingly, since preliminary objections have taken the place of "de bene esse" appearances, and since the function of appearances under the Rules of Civil Procedure are not related to the right to file preliminary objections, and since the Rules provide a clear and expeditious method for eliciting and waiving jurisdictional objections it would seem that the doctrine of waiver by "general appearance" no longer has a place in the law except as it may be incorporated into the Rules of Civil Procedure. In other words, a party should be deemed to have waived his "jurisdictional" objections only when an application of the Rules of Civil Procedure would lead to such a result. In most, if not in all cases, the result of such application will not differ from the result of a correct application of the old doctrine of waiver by "general appearance." One instead of two sets of rules on waiver would considerably diminish the confusion in this area of the law, as exemplified in this case by the filing of a nonexistent form of appearance, i.e., "de bene esse."

2179(a). Here the action was begun by summons. The summons did not inform defendant where the cause of action arose. Therefore, defendant could not have intelligently decided whether it had an objection to venue before the facts surrounding the cause were alleged in the complaint. Nor could the court dispose of the objection before these facts came onto the record. Accordingly, instead of constituting a waiver, the action taken by defendant in causing a complaint to be filed was, in this case, a necessary prerequisite to an objection to venue. Accord, *Immitt v. Vacabet,* 56 Lanc. L. Rev. 353 (1959).

In addition, there is another and more general reason why an objection to venue is not waived by obtaining a rule to file a complaint. Under the Pennsylvania Rules of Civil Procedure the exclusive method by which a party may raise "jurisdictional" objections is by preliminary objections. *C. E. Williams Co. v. H. B. Pancoast Co.,* supra at p. 170, Pa. R. C. P. 1017(b), 1028(b), 1032. But preliminary objections may not be filed until after the complaint is filed. This is true even though certain "jurisdictional" objections may become apparent immediately after service of a writ of summons and before the complaint is filed. The inclusion of preliminary objections in the list of allowable pleadings, Pa. R. C. P. 1017, indicates that it was intended to be a response to a prior pleading; a writ of summons is not a pleading. Also, the Note of Procedural Rules Committee to Rule 1017 states that "[a] preliminary objection may be filed to a complaint, answer, reply or counter-reply," without mentioning a summons. Moreover, waiting until after the complaint is filed would accord with the policy of the Rules to reduce the pretrial stages of the action, and to telescope the various dilatory actions of the defendant, 1 Goodrich-Amram §1013(b)6, p. 54; *Vant v. Gish,* 412 Pa. 359, 368, 194 A. 2d 522, 527 (1963), because

the objections raised by the writ of summons could be disposed of at the same time as the objections raised by the complaint independently of the writ.

It has been argued that defendant's evidence in support of his objection to the writ may be weakened if he has to await plaintiff's complaint. The answer to this is that a defendant can, as he did here, force the defendant to file a complaint within 20 days or suffer non pros.

Accordingly, since the rules indicate that a preliminary objection cannot be made before a complaint has been filed and since this interpretation is consistent with the policy of the Rules, we hold that a defendant does not waive "jurisdictional" objections by obtaining a rule to file a complaint.

Although defendant did not waive its objection to venue, the lower court erred when it found that venue was not proper in Philadelphia County. Defendant is a Pennsylvania Corporation. Pa. R. C. P. 2179(a) provides that "a personal action against a corporation ... may be brought in and only in (1) the county where its registered office or principal place of business is located; or (2) a county where it regularly conducts business (3) the county where the cause of action arose; or (4) a county where a transaction or occurrence took place out of which the cause of action arose." It is clear from the record that clauses "(1)," "(3)", and "(4)" do not support venue in Philadelphia County. The only question is whether defendant "regularly conducts business" there.

The words "regularly conducts business" first appeared in Rule 2179(a)(2) in 1944. Since that date the only appellate court case which has explicitly considered Rule 2179(a)(2) is *Law v. Atlantic Coast Line R.R. Co.*, 367 Pa. 170, 79 A. 2d 252 (1951). There it was suggested that the prior case law on what con-

stituted "doing business", under a statutory venue provision absolutely suspended by the Rules in 1944,[2] was applicable to the concept of "regularly conducts business" embodied in Rule 2179(a)(2). The lower courts have also assumed the relevancy of the prior law. See *Diamond K, Inc. v. Mobile Industrial Equipment Corp.,* 14 Pa. D. & C. 2d 178 (1957), *Moustakas v. Metropolitan Casualty Insurance Company of New York,* 89 Pa. D. & C. 551 (1954).

The leading prior case is *Shambe v. Delaware & Hudson R.R. Co.,* 288 Pa. 240, 135 Atl. 755 (1927). We refer to that case here for only one purpose—for the light it sheds on the standard of "regularly conducts business" set forth in the corporations *venue* rule, Pa. R. C. P. 2179(a)(2). The problem of state court *jurisdiction* over foreign corporations, which *Shambe* also dealt with, is regulated by the Business Corporation Law. See Act of May 5, 1933, P. L. 364, §1011C, as amended, 15 P.S. §2852-1011C. We said that, when venue in a particular county depends upon "doing business there," "the business engaged in must be sufficient in quantity and quality . . . . The term 'quality of acts' means those directly, furthering or essential to, corporate objects; they do not include incidental acts. . . . By 'quantity of acts' is meant those which are so continuous and sufficient to be termed general or habitual. A single act is not enough." *Shambe v. Delaware,* supra, at pp. 246-247. In our opinion, these standards are appropriate in determining where a corporation "regularly conducts business" within the meaning of Rule 2179(a)(2), for the purpose of venue.

In applying these standards we recognize that "[e]ach case must depend on its own facts, . . . ."

---

[2] The provision suspended was Section 6 of the Act of 1851, April 8, P. L. 353, 12 P.S. §1310. See Rule 2200(6) of Pa. R. C. P.

*Shambe,* supra, at p. 247. Accordingly, we will not overturn a lower court's determination that a corporation was not regularly conducting business in a particular county when such conclusion is a reasonable one in view of the facts. Cf. *New v. Robinson-Houchin Optical Co.,* 357 Pa. 47, 49, 53 A. 2d 79, 80 (1947).

Defendant is engaged in the taxicab business. Under its certificate from the Public Utility Commission, while it is prohibited from picking up passengers in Philadelphia County, it is permitted to pick them up in Montgomery County and take them to Philadelphia County. From five to ten percent of its gross business is so constituted. In other words, five to ten percent of its fares are collected in Philadelphia County at the end of rides which involve driving a cab there. And, of course, the cab must be driven in Philadelphia County in order to return to Montgomery County, although it must be done without a passenger.

In our opinion, on the basis of these facts, the lower court's determination that defendant did not "regularly conduc[t] business" in Philadelphia County was unreasonable. Clearly, the acts of driving into Philadelphia County at the request of customers and collecting fares there were acts directly essential to and in furtherance of corporate objects and, therefore, were of sufficient quality. Just as clearly, the acts were performed habitually and, therefore, were of sufficient quantity. See *Iannetti v. Philadelphia Suburban Transportation Company,* 61 Pa. D. & C. 276 (1947); *Lallone v. Philadelphia Suburban Transportation Co.,* 61 Pa. D. & C. 248 (1947). It must be remembered that it is the word "regularly" which we are construing and not "principally." A corporation may perform acts "regularly" even though these acts make up a small part of its total activities. See *Smerk v. Philadelphia Suburban Transportation Company,* 13 Pa. D. & C. 2d 454 (1958). Nor does "regularly" necessarily

mean, as defendant contends, that the acts must be performed on a fixed schedule or, when driving is involved, over a fixed route. The question is whether the acts are being "regularly" performed within the context of the particular business.

Accordingly, the order of the lower court is reversed with a procedendo.

Mr. Justice EAGEN concurs in the result.

Mr. Chief Justice BELL dissents.