**Telafix v. Rosdor Construction Corp.**

*Gailey C. Keller*, of *Smith, Eves & Keller*, for plaintiff.
*Thomas J. Evans*, for defendant.

KREISHER, P. J., February 8, 1971.—The above-captioned assumpsit action was instituted June 23, 1970, by the filing of a complaint and a contemporaneous praecipe for writ of foreign attachment. On the same date, service was made upon the secretary of defendant corporation at its temporary place of business located at Bloomsburg, R. D. No. 4, this county, as the company was performing a contract with the sewer authority of the Town of Bloomsburg. On June 26th, counsel for defendant corporation filed preliminary objections questioning this court's jurisdiction because the cause of action sued upon arose in Lancaster County. Defendant's principal place of business in Pennsylvania is Nazareth, R. D. No. 1, Northampton County, and, being a foreign corporation registered to do business in Pennsylvania, its principal office is Ardsley, Westchester County, N. Y.

Disposition of the said objections depends upon the interpretation of subsection 2, sec. (a) of the Pa. R. C. P. 2179 relating to venue, which provides:

"(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in . . . (2) a county where it regularly conducts business."

The Business Corporation Law of May 5, 1933, P. L. 364, as amended, 15 PS §2011(C), provides for the purpose of determining jurisdiction of courts within this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an objective, or doing a single act in this Commonwealth for such

purpose with the intention of thereby initiating a series of such acts which constitute doing business.

Therefore, the narrow issue presented is whether or not defendant corporation was regularly doing business in Columbia County when the service was made by the Sheriff of Columbia County upon the secretary of defendant corporation.

In the case of Shambe v. Delaware & Hudson R.R. Co., 288 Pa. 240, it is stated that the answer to the issue above stated depends upon the presence of two required elements: (1) The quality of the acts alleged to constitute doing business must indicate that they are directly essential to the corporate business as distinguished from merely incidental thereto, and (2) there must be an entry by defendant corporation into the county through the personal presence thereof of at least one of its officers, agents or employes engaged in performing such acts.

It goes without saying that the second element is present in this case, but a determination of the absence or presence of the first element is more difficult. The validity of the distinction between acts directly essential and those merely incidental to the corporate purpose has been recognized in many appellate court cases.

In the case of Monaco v. Montgomery Cab Co., 417 Pa. 135, in discussing the meaning or standard to be applied to the phrase "regularly conducts business" as set forth in the rule above quoted, the court stated, on page 142 of the opinion, that:

"When venue in a particular county depends upon 'doing business there,' 'the business engaged in must be sufficient in quantity and quality . . . The term "quality of acts" means those directly, furthering or essential to, corporate objects; they do not include incidental acts . . . By "quantity of acts" is meant those which are so continuous and sufficient to be

termed general or habitual. A single act is not enough.'"

In applying this standard to the facts of the present case, we are bound to conclude that defendant corporation was not regularly conducting business in Columbia County, but was here merely on a temporary basis for the performance of one isolated contract. Therefore, since the cause of action did not arise here, we conclude this court is not the proper court for the trial of the issues raised in the pleadings.

In the case of Gehris v. Pocmont Hotels Corporation, 43 D. & C. 2d 565, the court arrived at the same conclusion in a similar case and on December 21st filed an order sustaining preliminary objections of the defendant dismissing the complaint. However, on December 27th, the court entered an amended order vacating that part of the original order dismissing the complaint and in lieu thereof certified the proceedings to the Court of Common Pleas of Pike County which, without question, had jurisdiction of both the parties and the cause of action.

We believe that this supplemental order of the Monroe County Court was based upon Pa. R. C. P. 1006(e) which provides "Improper venue shall be raised by preliminary objections, and if not so raised shall be waived. If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county. The costs and fees for transfer and removal of the record shall be paid by the plaintiff."

Since defendant's preliminary objections state that defendant corporation has its registered office and principal place of business within the State of Pennsylvania at Nazareth, R. D., Northampton County, we conclude this would be an appropriate court to try the action, and, therefore, we enter the following:

### ORDER OF COURT

And now, to wit, February 8, 1971, it is ordered and decreed that the preliminary objections of defendant filed to plaintiff's complaint be and the same are hereby sustained, and it is hereby further ordered and decreed that the Prothonotary of Columbia County shall forthwith certify and transmit the record and proceedings in this action to the Court of Common Pleas of Northampton County, Easton, Pa. Exception noted.