### Banks v. Banks

*R. Merle Heffner*, for plaintiff.
*Albert Houck*, for defendant.

ZIEGLER, P. J., June 19, 1973.—To more easily explain the problem which we have encountered in reviewing the master's report, we outline relevant events chronologically as follows:

4/26/72 Complaint filed

7/12/72 Warrant of Attorney filed and appearance entered for defendant by Albert Houck, Esquire

7/20/72 "Not Found" return made and filed

10/3/72 Decree authorizing amended complaint

11/7/72   Amended complaint verified

12/19/72 Amended complaint mailed to last known place of residence by personnel of attorney for plaintiff by certified mail, return receipt requested, deliver to addressee only

12/19/72 Notice of pendency of action posted in office of prothonotary by plaintiff

12/20/72 Amended complaint reinstated

2/20/73   "Not Found" return made on amended complaint and filed

3/13/73   Reporting Master appointed

Since the initial complaint was not served personally or outside the Commonwealth by mail, question arises whether or not the general appearance, effected by filing warrant of attorney and praecipe, cured lack of service. Preliminarily, we note that, since the suspension of the Act of May 2, 1929, P. L. 1237, sec. 31, as amended by the Act of July 10, 1935, P. L. 644, sec. 1, 23 PS §31,[1] by Pennsylvania Rule of Civil Procedure 1459,[2] the entry of a general appearance is not equivalent to personal service. Secondarily, we note that: Rule 1011 authorizes a defendant to accept service of a writ or complaint; Rule 1002 authorizes an attorney to do any act, other than verification, required or authorized by assumpsit chapter to be done by a party; Rule 1121(b) makes the assumpsit rules applicable to procedure under divorce chapter except as otherwise

---

[1] Prior to adoption of Rule 1459, said act, as amended, provided:

"The respondent may, in any case brought under the provisions of this act, cause an appearance to be entered, and file an answer to the petition or libel, and the entry of a general appearance shall be equivalent to personal service of the subpoena and libel."

[2] Rule 1459(3) suspended said act "except insofar as it provides that the filing of a general appearance shall not be deemed collusive."

provided in divorce chapter, and that no provision of divorce chapter is inconsistent with Rules 1002 or 1011. (Reference is made to Pennsylvania Rules of Civil Procedure and all references, infra, to rules, unless otherwise specified, shall be to said rules.) Significantly, said warrant of attorney did not specifically authorize acceptance of service of process, and defendant's attorney did not undertake to accept service of complaint. Finally, we note that, since amendment of Rule 1012 following Monaco v. Montgomery Cab Co., 417 Pa. 135 (1965), an appearance "shall not constitute a waiver of the right to raise any defense including questions of jurisdiction."[3] Lack of jurisdiction of the person should be raised by preliminary objections. Rules 1017, 1026 and 1125 provide that preliminary objections may be filed in divorce actions and that they should be filed within 20 days from service of complaint. Since the initial complaint was not served, the time for filing preliminary objections to it never arrived. Therefore, there was no waiver of right to raise defense of lack of jurisdiction over the person.[4]

The Appearance Docket does not indicate date that the amended complaint was filed nor the date that it was issued to the sheriff. However, the Deputy Sheriff reported that the sheriff's docket reveals that the amended complaint was received by the sheriff on

---

[3] After providing for entry of written appearance, Rule 1012 continues:

"Such appearance shall not constitute a waiver of the right to raise any defense including question of jurisdiction or venue."

[4] Bentley v. Bentley, 66 D. & C. 596 (1948), is now inoperative since it was decided before aforementioned amendment to Rule 1012. Baker v. Baker, 4 D. & C. 2d 221 (1954), is not controlling since there plaintiff-husband challenged jurisdiction over defendant-wife when there had been no service but defendant-wife "submitted herself to the jurisdiction of the court" by filing a petition for alimony pendente lite, etc.

December 20, 1972. Since the amended complaint was reinstated by the prothonotary and received by the sheriff on December 20, 1972, we conclude that the amended complaint was issued to the sheriff on that date. The appearance docket should be amended to reflect the issue date so that the record will reveal that the sheriff attempted to locate defendant during all of the 30-day life of the process. The appearance docket should also be amended to reflect the filing date.

As indicated above, the "not found" return as to the amended complaint was made on February 20, 1973, which was two months after mailing of the amended complaint to defendant's last known place of residence and posting of notice of pendency of action in the office of the prothonotary. Rule 1124(b) suggests that inability to make service within the Commonwealth and "not found" return must precede the alternative method of service thereby provided. Reason for such order of procedure is not manifest. It would appear that a defendant would be more likely to receive actual notice of a divorce proceeding if alternative methods were pursued at the same time as primary methods. However, it would also appear that publication, efforts to make personal service and mailing notice of pendency of action would be more likely to convey actual notice to a defendant if all methods were pursued at the same time. But, with respect to service by publication formerly provided by Rule 1124, decisions had held that it was mandatory that inability to make service within the Commonwealth and "not found" return precede publication. Accordingly, we must conclude that it is mandatory under Rule 1124 that inability to make service and "not found" return must precede the alternative method of service now provided by Rule 1124(b).

Plaintiff restricted delivery of copy of the amended complaint to addressee only. Delivery should be re-

stricted where service is attempted under Rule 1124 (a)(3)(b) but not where copy of complaint is mailed under Rule 1124(b): Hartzell v. Hartzell, 82 D. & C. 104 (1952); Rhoads v. Rhoads, 3 D. & C. 2d 675 (1955).

We now examine the master's notice of his hearing. Rule 1133(a)(2) provides that notice of hearing shall be given to each party or his attorney of record. Although the general appearance, effected by filing the warrant of attorney and praecipe, did not cure lack of service, the same was effective to create the principal-agent relationship of attorney and client. Therefore, notice to defendant's attorney under such circumstances would be adequate notice under said rule, assuming defendant had been properly served and the matter was properly at issue. If such were not adequate notice to an attorney, then there would have been a defect in the notice to other persons, which we should call to the attention of our bar, since some others have not given proper notice under said rule to "persons named in the complaint as likely to know the present whereabouts of the defendent." The amended complaint named defendant's sister at one address and his parents at another address as persons "likely to know the present whereabouts." Although said rule requires that *plaintiff* shall give notice: (1) by posting a copy in the office of the prothonotary; (2) by mailing a copy to the persons "likely to know present whereabouts"; and (3) by sending a copy by registered mail to defendant at his last known address, the master undertook to give notice on plaintiff's behalf. However, the master gave notice to neither his sister nor his parents. He dispatched a notice to defendant in care of the sister at her address. He should have dispatched notices to both his sister and parents at their respective addresses rather than to defendant in their care. Otherwise, the sister and parents may not have opened

mail addressed to defendant and, therefore, would not have acquired knowledge of the pending divorce action and scheduled hearing for transmission to defendant as contemplated by said rule. The master's report recites that he gave notice to defendant by certified mail and that the receipt and the return receipt are made part of his report. Also, notation on the copy of notice recites "To Defendant No. 887880." Although we have been unable to find either receipt or return receipt, we assume that notice was mailed to defendant but that it was not delivered. What the foregoing recitals do not recite is the address to which such notice was sent. If it was not sent to defendant at his last known address, then it was defective. Similarly, with respect to posting, notation on the copy of notice recites "Copy posted in Prothonotary's Office 3/16/73." Proof of full compliance with all three types of notice required by said rule should have been filed of record either by incorporation into the master's report or by separate affidavit. Now that responsibility for giving such notice has been transferred to the master and requirement of posting has been eliminated by amendment to said rule to be effective July 1, 1973, we call to the attention of our Bar that proof of full compliance with the other two types of notice should be filed after July 1, 1973, in either of aforesaid methods.

If and when this case should become at issue, the master should also ascertain that he complies with notice as provided in Mifflin Co. R. C. P. 1133(a)(7).

## ORDER

Now, this June 19, 1973, the master having been appointed before the matter became at issue, his appointment is vacated and the master's report is remanded in anticipation that plaintiff will proceed in

accordance with the court's memo to counsel of this date and that the same master will ultimately be reappointed. Exception is noted to R. Merle Heffner, Esq., counsel for plaintiff.