## Sharp v. Fiori

*Barry M. Rothman,* for plaintiff.
*Paul Bechtel, Jr.,* for defendant.

DiBONA, JR., *J.,* October 26, 1984—Before the court are defendants' preliminary objections concerning improper venue. For the reasons stated herein said objections are sustained and this case is transferred to Bucks County.

Plaintiff filed this complaint on June 15, 1984, and alleged that defendants, David Fiori, Inc. and Benevolent Enterprises, Inc. regularly conducted business in Philadelphia. Defendants denied this and, pursuant to Pa.R.C.P. 209, this court ordered depositions to be taken on these disputed issues of fact.

The deposition of David Fiori revealed that Benevolent Enterprises, Inc. was dissolved several years before the incident upon which plaintiff's cause of action is based. While official dissolution documents may or may not have been officially filed, no evidence was presented indicating that this corporation did any business beyond the years 1977 or 1978.

David Fiori is the owner and chief executive officer of David Fiori, Inc. a real estate brokerage company. The business address is in Bucks County. The company participates in a multiple listings service in Lower Bucks County only. Fiori testified that all transactions occur in the Bucks County office and that he never goes to Philadelphia. Advertisements

were placed in the Philadelphia white and yellow pages. Some business prospects call the office and travel there from Philadelphia. Some properties are leased to people in Philadelphia. He may have attended some closings in Philadelphia, but could not recall attending any in recent years.

In Monaco v. Montgomery County Cab Co., 417 Pa. 135, 208 A.2d 252 (1965), the Supreme Court defined the standard of how a corporation "regularly conducts business" within the meaning of the corporations venue rule, Pa.R.C.P. 2179(a)(2):

" 'the business engaged in must be sufficient in quantity and quality . . . The term 'quality of acts' means those directly, furthering or essential to, corporate objects; they do not include incidental acts . . . By 'quantity of acts' is meant those which are so continuous and sufficient to be termed general or habitual. A single act is not enough.' " Id., 417 Pa. at 142.

In Gehris v. Pocmont Hotels Corp., 43 D. & C. 2d 565 (1967), the court stated, concerning roadside billboard advertising:

"This impersonal means of solicitation accomplished without the physical presence of any officer or agent of defendant in Monroe County did not constitute a corporate "entry" into that jurisdiction. For the purposes of jurisdiction and venue, it is legally comparable to solicitation effected by the placing of advertisements in newspapers, magazines and trade journals of circulation." (Citations omitted.) Id., at 570.

Given this case law, we hold that merely placing advertisements in telephone books, absent entry into a county to transact the business solicited (Cf. Canter v. American Honda Motor Corp., 426 Pa. 38, 231 A.2d 140 (1967), does not amount to regularly conducting business in that county for purposes of

proper venue. In the instant case, the quantity of acts were performed in Bucks County. Advertising was incidental to the business conducted there. The quantity of acts were very few, not so continuous and systematic to be termed general or habitual. Only a single act of impersonal solicitation occurred in Philadelphia. All brokerage activities were performed in Bucks County.

Since venue is proper in Bucks County, this case will be transferred to Bucks County.

An appropriate order will issue.

### ORDER

And now, this October 26, `1984, it is hereby ordered and decreed that defendants' preliminary objections concerning improper venue are granted and this case is transferred to the Court of Common Pleas of Bucks County.