J-A29004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DANIEL HIJUITL ALMONTE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ECN STAFFING, INC.; ROARING | : | No. 707 MDA 2020 |
| CREEK EGG FARMS, LLC; ADAMS | : | |
| BUILDING CONTRACTORS OF PA | : | |
| D/B/A ABC YORK, INC.;  CONCRETE | : | |
| WALLS UNLIMITED CO., LLC; | : | |
| REBEL'S CONSTRUCTION, INC. AND | : | |
| HERSHEY EQUIPMENT COMPANY, | : | |
| INC. | : | |

Appeal from the Order Entered April 8, 2020
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2019-03731

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:              **FILED: APRIL 16, 2021**

Appellant, Daniel Hijuitl Almonte, appeals from the April 8, 2020 Order entered in the Court of Common Pleas of Luzerne County transferring this case to Columbia County. Appellant alleges that the trial court abused its discretion by misapplying the quantity prong of the venue test. After careful review, we reverse.

On November 5, 2018, Appellant suffered injuries when he fell through a hole in a machine located at Roaring Creek Egg Farms in Columbia County. Appellant was working as a contractor at the farm.

---

[*] Retired Senior Judge assigned to the Superior Court.

As a result of his injuries, Appellant filed the instant negligence lawsuit in Luzerne County on April 3, 2019. Appellant filed against several defendants including ECN Staffing, Inc. ("ECN") and Hershey Equipment Co., Inc. ("Hershey"). ECN was the only defendant with a principal place of business in Luzerne County. On June 21, 2019, ECN filed Preliminary Objections asserting its entitlement to employer immunity under Pennsylvania's Workers' Compensation scheme and challenging venue in Luzerne County.[1]

The trial court granted Appellant leave to conduct discovery related to venue. Relevant to this appeal, on February 8, 2020, Appellant deposed Michael Dickson, corporate representative for Hershey.[2] Dickson testified that Hershey's principal place of business is located in Lancaster County. N.T. Dickson Deposition, 2/18/20, at 6. Hershey sells and services agricultural equipment used in the poultry and grain industries and to some craft breweries. *Id.* at 9. Typically, Hershey sends a salesperson to a customer's property to determine the customer's equipment needs. *Id.* at 13. Hershey then designs, builds, and installs the equipment. *Id.* at 10, 13. After installation, Hershey sends technicians to the customer's property to repair or replace broken equipment "as needed." *Id.*

_____

[1] Several other defendants, including Hershey, later joined ECN's Objection to venue.

[2] Although Appellant addresses venue as to multiple corporate defendants, we focus our analysis on Hershey because the record reflects that Hershey had the highest volume of quality contacts with Luzerne County.

With respect to Luzerne County, Hershey has either sold or serviced equipment in that county in every year since 2012. *Id.* at 14, Exhibit 2. Specifically, Hershey went to Luzerne County for sales or service calls 5 times in 2012, 2 times in 2013, 3 times in 2014, 1 time in 2015, 2 times in 2016, 3 times in 2017, 3 times in 2018, and 1 time in 2019. *Id.* at Exhibit 2. Such work accounted for $360,095.93 in income, approximately 0.18% of Hershey's total income over that period. *Id.* In 2018, the year of Appellant's incident, Hershey derived 1.29% of its gross revenue from Luzerne County-based sales and services. *Id.*

By Order docketed April 8, 2020, the court sustained ECN's Preliminary Objections, dismissed ECN from the case on the basis of Workers' Compensation immunity, and transferred venue to Columbia County. The court found that, while Hershey's sales and service contacts were "quality" contacts with Luzerne County, they were not of sufficient "quantity" to sustain venue.[3] Trial Ct. Or., 4/8/20; Trial Ct. Op., 4/8/20, at 10-12.

---

[3] Although the trial court does not explicitly discuss performing a quality analysis, it stated that it excluded "incidental contacts" and contacts based on "soliciting" when performing its quantity analysis. Trial Ct. Op., at 11-12. The court focused instead on the sales and service contacts, discussed *supra*. *Id.* Thus, the trial court concluded, without explicitly stating, that the sales and service contacts constituted quality contacts.

Appellant timely filed a Notice of Appeal.[4] This Court has jurisdiction to consider this appeal under Pa.R.A.P. 311(c). Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In his sole issue on appeal, Appellant challenges the trial court's Order transferring venue from Luzerne County to Columbia County. Appellant's Br. at 4. Appellant alleges that the trial court erred by focusing solely on the percentage of Hershey's income generated by business in Luzerne County when addressing the "quantity" prong of the venue test. Appellant's Br. at 13.

We review an order granting or denying preliminary objections asserting improper venue for an abuse of discretion. *Zampana-Barry v. Donaghue*, 921 A.2d 500, 503 (Pa. Super. 2007). Rule 2179 governs venue in cases against corporate entities. Pa.R.C.P. 2179. In relevant part, Rule 2179 holds that "a personal action against a corporation or similar entity may be brought in and only in . . . a county where it regularly conducts business[.]" *Id.* at 2179(a)(2).

To determine whether a corporation regularly conducts business in a given forum, we conduct a "quality-quantity" analysis. *Zampana-Barry*, *supra* at 503. A business entity must perform acts in a county of sufficient "quality" and "quantity" for venue to be proper in that county. *Id.* "Quality" refers to acts performed in a county that directly further or are essential to

---

[4] Appellant's Notice of Appeal, which was due on May 8, 2020 but filed May 11, 2020, is timely pursuant to our Supreme Court's emergency Order in response to the coronavirus pandemic. *See In re: General Statewide Judicial Emergency*, 230 A.3d 1015 (Pa. filed Apr. 28, 2020).

the entity's business objectives. *Id.* "Quantity" means those acts that are sufficiently continuous to be considered habitual. *Id.* at 504. In the context of the instant case, the question is whether Hershey's sale and service contacts with Luzerne County, *i.e.* its "quality" contacts, were sufficiently continuous to be considered habitual, *i.e.* of sufficient "quantity."

When determining whether venue is proper, "each case rests on its own facts." *Purcell v. Bryn Mawr Hosp.*, 579 A.2d 1282, 1286 (Pa. 1990). "The question is whether the acts are being 'regularly' performed within the context of the particular business." *Monaco v. Montgomery Cab Co.*, 208 A.2d 252, 256 (Pa. 1965).

Importantly, "[t]he percentage of a company's overall business that it conducts in a given county, standing alone, is not meaningful and is not determinative of the 'quantity' prong." *Hangey v. Husqvarna Pro. Prods., Inc.*, --- A.3d ----, 2021 WL 855456 at *4 (Pa. Super. filed Mar. 8, 2021) (*en banc*). "Courts thus should not consider percentages in isolation. Rather, courts must consider all of the evidence in context to determine whether the defendant's business activities in the county were regular, continuous, and habitual." *Id.* "It must be remembered that it is the word 'regularly' which we are construing and not 'principally.' A corporation may perform acts 'regularly' even though these acts make up a small part of its total activities." *Zampana-Barry*, *supra* at 506 (quoting *Monaco*, *supra* at 256).

Applying this principle, Pennsylvania appellate courts have repeatedly found venue to be proper in a given forum where a defendant's contacts are

habitual but comprise only a small fraction of the defendant's gross revenue. In **Hangey**, **supra** at *4, this Court determined that an equipment manufacturer was amenable to venue in Philadelphia because it had at least one authorized dealer located in Philadelphia to which it delivered products for sale. Importantly, the defendant's contacts with Philadelphia accounted for only 0.005% of its national sales. **Id.**

In **Canter v. American Honda Motor Corp.**, 231 A.2d 140, 143 (Pa. 1967), our Supreme Court reversed a trial court decision transferring venue from Philadelphia to Montgomery County. The Court determined that venue was proper in Philadelphia where, for a period of two years, the defendant regularly drove cars into the city to demonstrate the vehicles to consumers and consummate sales. **Id.** Such business comprised only one to two percent of the defendant's gross revenue. **Id.**

In **Zampana-Barry**, **supra** at 504-06, this Court concluded that venue in Philadelphia was proper in a lawsuit against a Delaware County-based law firm where, for a period of at least six years, the firm's lawyers regularly appeared before various federal and state courts sitting in Philadelphia. Notably, that work comprised only three to five percent of the firm's gross business revenue over that time. **Id.** at 506.

In the present case, the trial court focused solely on the percentage of business Hershey conducted in Luzerne County, expressed as a percentage of revenue relative to its total gross income. Trial Ct. Op., 4/8/20, at 11. It concluded that "[a] review of the case law does not indicate a conclusion of

business contacts by a business where, as here, it is less than 1% of total revenues." *Id.* It did not analyze Hershey's actual contacts in Luzerne County to determine if they were regular, continuous, and habitual. *See id.* at 10-12.

As stated above, the percentage of a company's overall business in a county is only one aspect of the analysis a court is to perform when addressing the quantity prong of the venue test. Therefore, the trial court erred by focusing solely on the percentage of total revenue that Hershey generated in Luzerne County. As a result of this error, the trial court likewise errantly concluded that Hershey's contacts with Luzerne County were of insufficient quantity to sustain venue.

Based on the totality of the evidence, Hershey's contacts satisfied the quantity prong of the venue test. Hershey sent employees into Luzerne County to perform "quality" work in each year from 2012 through 2019. These contacts were regular and continuous so as to be habitual, despite comprising only a fraction of Hershey's total business.

We, thus, conclude that the trial court abused its discretion in transferring this case from Luzerne County to Columbia County. Because venue is proper as to Hershey in Luzerne County, venue is proper as to all defendants in Luzerne County. *See* Pa.R.C.P. 1006(c)(1) ("an action . . . may be brought against all defendants in any county in which the venue may be laid against any one of the defendants[.]").

Order reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>04/16/2021</u>