**[J-6-2023] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

RONALD SCOTT HANGEY AND
ROSEMARY HANGEY H/W,

             Appellees

             v.

HUSQVARNA PROFESSIONAL
PRODUCTS, INC., HUSQVARNA GROUP,
HUSQVARNA U.S. HOLDING, INC.,
HUSQVARNA AB, AND TRUMBAUER'S
LAWN AND RECREATION, INC.,

             Appellants

: No. 14 EAP 2022
:
:
: Appeal from the Judgment of
: Superior Court entered on March 8,
: 2021, at No. 3298 EDA 2017
: reversing the Order entered on
: September 7, 2017, in the Court of
: Common Pleas, Philadelphia
: County, Civil Division at No. 1015
: March Term, 2017
:
: ARGUED: March 8, 2023
:
:
:
:
:
:

**DISSENTING OPINION**

**JUSTICE BROBSON**                            **DECIDED: NOVEMBER 22, 2023**

The Pennsylvania Superior Court reversed the Court of Common Pleas of Philadelphia County's (trial court) transfer of venue to Bucks County in this personal injury and product liability lawsuit, concluding that the trial court erred in focusing exclusively on the percentage of the corporate defendant's annual national sales revenue attributable to Philadelphia County in assessing the "quantity" prong of the venue analysis. The Majority concludes, and I agree, that the Superior Court did not err in this regard. *Id.* at 31-42. Rather than vacate and remand the decision of the trial court for reconsideration, however, the Superior Court evaluated the merits of the venue challenge *de novo*, examining the record independently, assigning weight to relevant factual considerations, and concluding as a matter of law that Philadelphia County is a proper venue for this

lawsuit. The Majority engages in a similar analysis and reaches the same conclusion. *Id.* at 42-47. As to this aspect of the Majority's disposition, I respectfully dissent.

Scott and Rosemary Hangey (Hangeys), plaintiffs in the trial court, purchased a lawnmower in Bucks County. According to the amended complaint, Scott Hangey was severely and catastrophically injured on the Hangeys' property in Wayne County, Pennsylvania, while operating the mower. The Hangeys instituted their lawsuit in Philadelphia County against several defendants, including Husqvarna Professional Products, Inc. (HPP), a Delaware corporation with a principal place of business in Charlotte, North Carolina. From the allegations in the amended complaint, there is no connection between Philadelphia and the events giving rise to the Hangeys' lawsuit. It would be quite reasonable, under the circumstances, for a layperson to question how Philadelphia County could possibly be a proper venue to litigate the Hangeys' suit. The short answer to that question is that the Pennsylvania Rules of Civil Procedure, specifically Rule 2179(a)(2), allow a plaintiff to sue a corporate defendant in any "county where . . . the corporation . . . regularly conducts business," regardless of how disconnected that forum may be to the facts or events that gave rise to the lawsuit. Pa. R.C.P. 2179(a)(2).

With that said, a plaintiff's choice of venue is not unassailable. A defendant may, by preliminary objection, challenge the plaintiff's choice of venue as improper. Pa. R.C.P. 1006(e), 1028(a)(1).[1] Here, HPP filed a preliminary objection, contending that it does not regularly conduct business in Philadelphia and, therefore, Philadelphia County is not a proper venue for the Hangeys' lawsuit under Rule 2179(a)(2). As the Majority properly explains, when faced with such a challenge, a trial court utilizes the

---

[1] A defendant, or any party for that matter, may also petition to transfer a lawsuit from a proper venue to another proper venue "[f]or the convenience of parties and witnesses." Pa. R.C.P. 1006(d)(1).

quality-quantity analysis to evaluate whether the corporate defendant regularly conducts business in the venue of plaintiff's choice. *See* Majority Opinion at 32-33. If either the quality or quantity prong of the analysis is lacking, then the plaintiff's choice of venue is improper as to the corporate defendant. *See Monaco v. Montgomery Cab Co.*, 208 A.2d 252, 256 (Pa. 1965) (explaining that, "when venue in a particular county depends upon doing business there, [t]he business engaged in must be sufficient in quantity and quality") (citation and internal quotation marks omitted). Here, the trial court determined that the Hangeys failed to prove that HPP's activities in Philadelphia met the quantity prong based solely on the court's conclusion that the percentage of HPP's national sales revenue that was generated in Philadelphia was insufficient to justify subjecting HPP to suit in that county.

In my view, the Majority correctly holds that, when a trial court assesses the quantity prong of the improper venue inquiry, the court cannot reject a plaintiff's choice of venue based only upon consideration of the percentage of the national revenue that the corporate defendant produced in the county in question. Majority Opinion at 33-42. As the Majority accurately explains, this mathematical statistic, in and of itself, is not dispositive of whether a corporate defendant's acts within the plaintiff's chosen forum are so continuous and sufficient to be considered general or habitual, in accord with this Court's precedent. *Id.*

I am also in full agreement with the Majority's observations that venue-based decisions are intensely fact driven and, therefore, that trial courts should be afforded "considerable discretion" in making those decisions. *See* Majority Opinion at 31 (stating that the rules of civil procedure give "trial courts considerable discretion to determine whether to grant a change of venue, and such a determination will not be disturbed on appeal absent an abuse of discretion"). Because I agree with the Majority in this regard,

I am open to the possibility that the trial court in this matter, upon the direction of this Court to widen the aperture of its analysis of the quantity prong, could, in the exercise of its considerable discretion, still conclude that the Hangeys' choice of Philadelphia County for venue in this case is improper under Rule 2179(a)(2). Unlike the Majority and the Superior Court, I would not conduct a *de novo* review of HPP's venue preliminary objection, assign weight to particular facts over others, and conclude, as a matter of law, that Philadelphia County is a proper venue in this case. *See* Majority Opinion at 44 (stating that, "[a]s a matter of law, when a company maintains a constant physical presence in the forum county to perform acts that are 'directly[] furthering, or essential to, [its] corporate objects[,]' even when it does so through an authorized dealer, its business activities are necessarily 'so continuous and sufficient to be termed general or habitual'").[2] In my respectful view, this approach undermines the "considerable discretion" we afford to our common pleas courts in this area as well as the deferential nature of our appellate standard of review in such matters. *See Ball v. Bayard Pump & Tank Co.*, 67 A.3d 759, 767 (Pa. 2013) ("An abuse of discretion occurs only where the trial court has reached a conclusion that overrides or misapplies the law, or when the judgment exercised is manifestly unreasonable, or is the result of partiality, prejudice, bias or ill will.").

---

[2] I also am concerned that this passage from the Majority Opinion could be construed as holding that, as a matter of law, a corporation's mere presence in a county is sufficient to establish that venue is proper in that county. To be sure, like the amount of revenue that a corporate defendant generates in a county, a corporate defendant's presence in the county is a relevant factor for a trial court to consider in determining whether the county is a proper venue for the litigation. *See* Majority Opinion at 39 (clarifying that trial courts are not prohibited from considering a corporate defendant's percentage of national revenue in assessing the quantity prong but that "if the court finds the percentage relevant in that particular case, it is simply a data point that must be considered in the context of the company as a whole to determine **regularity**") (emphasis in original). Again, however, similar to the amount of revenue that a corporate defendant produces in a county, its presence in a county, alone, should not be a determinative factor.

In sum, I agree with the Majority and the Superior Court that the trial court erred in assigning dispositive weight to the percentage of HPP's annual national revenue generated in Philadelphia in rejecting the Hangeys' choice of venue under Pennsylvania Rule of Civil Procedure 2179(a)(2). Because, for the reasons set forth above, I would vacate the Superior Court's judgment and the portion of the trial court's order that sustained HPP's venue challenge and remand to the trial court with instruction to reconsider its analysis of the quantity prong in light of this disposition, I respectfully dissent.