Skrynski, Appellant, *v.* Zeroka et ux.

Argued March 4, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Baldrige and Graff, JJ.

*A. F. Vosburg,* of *Vosburg and Vosburg,* and with him *Paul J. Sherwood,* for appellant.—When a defendant offers a defense to a suit he thereby waives all defects of service: Jeannette Boro. v. Roehme, 9 Pa. Superior Ct. 33; Loeb v. Allen, 32 Pa. Superior Ct. 137.

*Mary L. Trescott,* for appellees, cited: Com. v. Hoffman, 74 Pa. 105; Allen v. Krips, 109 Pa. 1.

Opinion by Trexler, P. J., April 18, 1930:

This was an action of assumpsit to recover commissions as a real estate broker. Judgment was entered in favor of the plaintiff and against the defendant "for want of an appearance and affidavit of defense"

on December 15, 1928. The words "appearance and" were inadvertently inserted.

On December 20, 1928, on defendants' application, rule was granted to show cause why the judgment should not be stricken from the record. On the same day, a rule was granted to show cause why the statement should not be stricken from the record; and on December 27, 1928, a more detailed petition was presented upon which a rule was granted to show cause why the judgment should not be opened. An answer was filed to the first rule; the second rule apparently was abandoned; and the plaintiff filed an answer to the third rule, but no further proceedings were had thereon. The court struck off the judgment.

The service of the statement was made in the following manner: Augusta Stern deposes "that, as agent for plaintiff, she served plaintiff's original statement of claim filed in this case, upon said defendants Lewis Zeroka alias Zrowka and Teresa Zeroka alias Theresa Zrowka on the 14th day of November, 1928, at their dwelling house at Town Hill, Huntingdon Township, Luzerne County, Pa. (they being husband and wife), by delivering by registered letter No. 8830 through U. S. mail, a true and attested copy of the original, to Helen Zeroka, daughter and adult member of said defendants' family, and that said member of said family then and there being their duly authorized agent accepted same for said defendants, as reference to receipts for said registered letter hereto attached will more fully appear, and same was received by each of said defendants personally on said date."

The first question we are to determine is whether such service is legal. Section 12 of the Practice Act, as amended by the Act of March 10, 1921, P. L. 17, provides: "The defendant shall file an affidavit of defense to the statement of claim within fifteen days from the day when the statement was served upon

him." The act does not provide the manner in which service of the statement is to be made. It provides that the defendant is to file an affidavit of defense within fifteen days "from the day when the statement was served upon him." We might construe "served" as meaning such service as is provided by law for the service of the summons and that if any of the modes provided by the Act of July 9, 1901, P. L. 614, were followed the service would be proper. If we do not adopt that view, we would be confined to the language of the act above quoted which would require the statement to be served upon the plaintiff and would confine the service to personal service. In any event, we feel sure that a service by mail is not in compliance with the act.

The appellant argues that since the defendant entered a rule to open the judgment, the validity of the judgment was recognized and that a defect in the service of the statement or the entry of the judgment was cured. This might ordinarily be so, but we do not think the present case is one in which the rule should be invoked. The court below in its opinion states "that such action of the defendants could constitute a waiver of defective service may well be doubted, in view of the fact that at the time of the application, viz: December 27, 1928, a rule to strike off the judgment was pending. The petition presented December 27th, which was supplemental to the petition of counsel on which the rule of December 20th to strike judgment from the record had been based, was a more detailed petition, executed by the defendants individually. When presented this later petition was, at the suggestion of the court, changed from an application to strike off judgment to an application to open judgment. Under such circumstances, the defendants could not be deemed to have waived any defect in the service

of statement." The petition to open the judgment states "that they desire to present the following additional facts not of record in the matter of striking off the judgment in the above entitled case."

The order of the court below is affirmed.