**John-Paul Corporation v. Burroughs Corporation**

120

*Sidney M. DeAngelis,* for plaintiff.
*Lawrence F. Flick,* for defendant.

HONEYMAN, J., January 25, 1972.—Plaintiff-lessor (herein referred to as John-Paul) commenced an action in assumpsit against defendant-lessee, Burroughs Corporation, after defendant vacated the demised premises in October of 1969. The original lease agreement was entered into on September 8, 1967, with a termination date some 15 years hence. Plaintiff filed its complaint on March 11, 1970, for the balance due on the rent. On June 2, 1970, a default judgment was taken for want of an appearance and answer. It was not until February 17, 1971, that defendant filed a petition to open judgment on what potentially is a $173,000 claim for rent due. Plaintiff filed an answer thereto on March 5, 1971, and the court ordered the matter onto the argument list after the taking of depositions within 90 days. Argument was heard before the court en banc in September 1971.

Two basic issues were before the court at argument: first, was the question of in personam jurisdiction over defendant by reason of the fact that the complaint was served by a constable instead of the sheriff. More precisely, did defendant waive any objections it may have had to the court's jurisdiction by filing the petition to open judgment? Second, assuming the court favorably decides that issue for plaintiff, are there present the three usual prerequisites for opening judgment, namely (1) the existence of a meritorious defense; (2) prompt filing of the petition to open judgment, and (3) a reasonable explanation or excuse for the delayed action or inaction on the part of defendant and/or its counsel?

Defendant initially argues that the admittedly improper service of the complaint deprives this court of jurisdiction over defendant. Plaintiff argues that this objection was waived when defendant entered its appearance and filed its petition to open judgment. Pertinent to this issue are two rules of procedure. Pennsylvania Rule of Civil Procedure 1012 states:

"A party may enter a written appearance which shall state an address within the Commonwealth at which papers may be served. Such appearance shall not constitute a waiver of the right to raise any defense including questions of jurisdiction or venue."

This rule as interpreted in the 1971 Goodrich-Amram supplement referring to Pa. R. C. P. 1012 shows us that an appearance is now purely voluntary. A defendant may enter such an appearance, which will be deemed a general appearance but will not serve as a waiver of any defenses that may exist as to the jurisdiction of the court over the person of defendant. Two avenues were open to defendant to contest the court's jurisdiction over its person, viz. preliminary objections or a petition to strike the judgment. Defendant did neither, but rather elected to file its petition to open judgment. This constitutes a waiver of the defense of lack of in personam jurisdiction. To this end, we must examine Pa. R. C. P. 1032, which states:

"Waiver of Defenses. Exceptions.

A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply, except

"(1) that the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits, and

"(2) that whenever it appears by suggestion of the parties or otherwise, the court lacks jurisdiction *of the subject matter* or that there has been a failure to join an indispensable party, the court shall dismiss the action." (Italics supplied.)

Thus, we see that, unless properly raised, in personam jurisdiction can be waived. In Bowser v. Clay Equipment Corporation, 90 Dauph. 33 (1968), the court held:

"Where defendant moves to *open* a default judgment, he thereby waives all mere formal defects in the writ and the manner of service and submits to the jurisdiction of the court." (Italics supplied.)

Also in 7 Pa. Standard Practice § 143, Chap. 30, page 175, we are advised that:

". . . a rule to open judgment admits the regularity of the judgment or is deemed to be a waiver of any defect or irregularity in the entry thereof."

Had defendant moved to *strike* off the judgment, then no waiver would apply: Skrynski v. Zeroka, 98 Pa. Superior Ct. 469 (1930). In further interpretation of Pa. R. C. P. 1032, the Supreme Court said in Monaco v. Montgomery Cab. Co., 417 Pa. 135, that under the Pa. Rules of Civil Procedure the "exclusive" method of raising a question of jurisdiction encompassing lack of jurisdiction over the subject matter or lack of jurisdiction over the person is by preliminary objections. None were filed herein. Consequently, it is patently clear that defendant, by filing its petition to open the judgment, has waived its right to object to the lack of personal jurisdiction over it.

Has defendant met the aforementioned three prerequisites for opening the judgment? First, the question of a meritorious defense. By the averments of its petition, defendant seeks to deny its landlord's title as a defense to the consequences of its early departure from

the demised premises. A well-recognized general principle of law is that a tenant is estopped from disputing his landlord's title. The underlying basis of the rule is that there exists an estoppel in pais, based upon the concept that the landlord delivered possession of the premises to the tenant on the faith of the tenant's express or implied promise to pay the rent during the tenancy, and to surrender the premises at the termination of the lease. The tenant, by remaining in undisturbed possession, has enjoyed the fruits and benefits of the lease. Consequently, when the tenant is asked to perform the obligations which he undertook by virtue of the lease, he should not be permitted to avoid same by simply asserting a defect in the landlord's title: 32 Am. Jur. 109, Landlord and Tenant §101. While exceptions and qualifications of this general rule do exist, defendant has clearly failed to take itself out of the general rule. In its proposed answer and new matter it pleads an action brought in the Court of Common Pleas of Philadelphia County by an owner of property abutting the demised premises against both John-Paul and defendant. However, defendant does not contend that this interfered with or interrupted its peaceful occupancy. Apparently that other action involved a boundary line dispute based upon an alleged encroachment by John-Paul's building.

The other defenses sought to be interposed are failure on the part of John-Paul to complete the building occupied by defendant in accordance with plans and specifications that formed part of the lease agreement. Significantly, defendant went into possession under the lease and remained therein for eight months. It appears extremely doubtful that this could justify defendant's abruptly quitting the premises in the fashion it did as opposed to utilizing the remedies the law provides.

However, even if a meritorious defense existed, defendant has failed miserably with regard to the other two prerequisites. A chronological review of developments in this proceeding clearly shows appalling and inexcusable delay and slothfulness on the part of defendant and its counsel not of record. (This in no way reflects against record counsel, who apparently was injected into the case only after plaintiff's counsel informed off-record Philadelphia counsel that he was proceeding with execution on the judgment.) Suit was commenced March 11, 1970. Both before and after that date plaintiff's counsel had extended correspondence and conferences with defendant's house counsel and Philadelphia counsel. No appearance nor answer was filed and, after one week's final notice, judgment by default was entered on June 2, 1970, with notice promptly given to Philadelphia counsel. The court finds as a fact that plaintiff's counsel did not grant to Philadelphia counsel for defendant an "open-end extension" as the latter contends. Indeed, to do so would have been a breach of the fidelity plaintiff's counsel owed his client. Undoubtedly, bona fide efforts were being made to amicably settle the controversy, but that does not excuse total inaction on the part of defendant or its counsel with respect to the action pending in this court. Although lines of communication remained open after the default judgment, plaintiff never agreed to open the judgment. It was not until February 16, 1971, and only after plaintiff's counsel advised that he must proceed with execution, that the petition to open judgment was filed, and on the succeeding day, an appearance was entered by Montgomery County counsel. A responsive answer containing new matter was promptly filed on behalf of plaintiff. To this date, no reply to the new matter has been filed. Therefore, the averments contained in the new matter must be deemed as verity. On March

19, 1971, the court directed any depositions be taken within 90 days, following which the matter could be argued before the court en banc. Defendant waited until June 17, 1971, to depose plaintiff's counsel. No depositions of anyone on behalf of defendant have ever been taken. On June 18, 1971, plaintiff's counsel filed his praecipe for argument, although he was not the moving party. Under the rules of this court, defendant's counsel was obliged to file his brief within 30 days. The matter was argued before the court in September 1971. At that late time, a lengthy affidavit of defendant's Philadelphia counsel, replete with a number of exhibits was filed with the court, along with an untimely filed brief. The court will not consider such affidavit for two very cogent reasons: 1. It was violative of the 90-days order of the court for depositions, and 2. it does not qualify as a deposition because plaintiff's counsel was deprived of his very valuable right of cross-examination, to which he had exposed himself when deposed three months before. Neither courtesies of counsel nor the equitable powers of this court can permit the opening of a judgment where defense counsel waited eight months to file his petition, failed to submit himself or his client to depositions and displayed other inexcusable delays in the defense of his client's cause. The averments of plaintiff's answer and new matter, as well as the deposition of plaintiff's counsel must be treated as verity and nothing contained therein displays the slightest reason to move this court to open the judgment. The court regrets that it has been required to be so caustic and critical of defendant's Philadelphia counsel, but the record of this proceeding could not permit it to do otherwise. There is absolutely no indication that plaintiff's counsel was chargeable with discourtesy, over-reaching, or unfair dealing in this case.

With an abundance of caution, we will, however,

126

permit defendant to seek to mitigate damages in any subsequent execution on this judgment, particularly by reason of any developments subsequent to the framing of the issues presently before us. We do not mean thereby that defendant can seek to relitigate the issues herein resolved.

### ORDER

And now, January 25, 1972, defendant's petition to open judgment is dismissed and the rule issued thereon is discharged, without prejudice to the right of defendant to seek to mitigate damages in any execution issued on the written judgment.