Dolores Barbara KROSNOWSKI, Administratrix of the Estate of Thaddeus Krosnowski, Deceased, Appellant,

v.

Stephen D. WARD, Bruce G. Roy, M.D., Robert E. Dee, M.D., Kisha Martin, M.D., Abington Primary Care Medicine, P.C., Abington Pulmonary and Critical Care Assoc., Ltd., Associates in Infectious Disease, Abington Memorial Hospital and Abington Memorial Hospital Foundation, Appellees.

Superior Court of Pennsylvania.

Argued April 8, 2003.

Filed Nov. 6, 2003.

Shanin Specter, Philadelphia, for appellant.

Kim Kocher, Philadelphia, for Dee and Associates in Infectious Disease, appellees.

BEFORE: JOHNSON, FORD ELLIOTT, JOYCE, STEVENS, ORIE MELVIN, LALLY–GREEN, BENDER, BOWES and GRACI, JJ.

OPINION BY ORIE MELVIN, J.:

¶ 1 Appellant, Dolores Barbara Krosnowski, Administratrix of the Estate of Thaddeus Krosnowski, appeals from the orders of the trial court sustaining Appellees' preliminary objections to venue and transferring these consolidated cases to

Montgomery County.[1]  After careful review, we affirm.

¶ 2 The relevant facts as set forth in the complaint may be summarized as follows. In September 1999, Appellant's decedent, Thaddeus Krosnowski, was sixty-nine years of age when he was admitted to Abington Memorial Hospital for abdominal pain and underwent surgery for a perforated appendix.  Mr. Krosnowski was admitted to the care of Dr. Stephen D. Ward who practiced with Abington Primary Care Medicine, P.C.  During his hospital stay the decedent experienced numerous symptoms which were apparently unrelated to his surgery, including chest pain and fever.  Mr. Krosnowski was evaluated by Dr. Kisha Martin (a resident at Abington Memorial Hospital), Dr. Bruce G. Roy of Abington Pulmonary and Critical Care Associates, Inc., and Dr. Robert E. Dee of Associates in Infectious Disease.  On October 14, 1999, Mr. Krosnowski experienced an episode of respiratory distress and suffered a cardiac arrest.  He died that same day.  An autopsy determined the cause of death to be acute pulmonary embolus.

¶ 3 Appellant commenced this wrongful death and survival action on October 4, 2001 with the filing of a complaint in Philadelphia County, alleging professional negligence on the part of all of the Appellees in failing to diagnose and treat the decedent's pulmonary embolism.  In response, Appellees filed preliminary objections challenging venue and moving to strike certain factual allegations.[2]  After the filing of an amended complaint, Appellees reasserted their preliminary objections.  The trial court sustained Appellees' objections to venue and transferred the cases to the Court of Common Pleas of Montgomery County.[3]  This timely appeal followed.

■ ¶ 4 Appellant presents the following questions for our review.

1.  DID THE TRIAL COURT ERR IN GRANTING APPELLEES' PRELIMINARY OBJECTIONS TO VENUE OVER ABINGTON HOSPITAL WHERE MULTIPLE DECISIONS OF THE COURT OF COMMON PLEAS, INCLUDING DECISIONS BY THE SAME TRIAL JUDGE, HAVE REPEATEDLY ESTABLISHED THAT ABINGTON HOSPITAL IS SUBJECT TO VENUE IN PHILADELPHIA COUNTY, AND WHERE APPELLEES WERE COLLATERALLY ESTOPPED FROM OBJECTING TO VENUE IN PHILADELPHIA COUNTY?

2.  DID THE TRIAL COURT ERR IN SUSTAINING APPELLEES' PRELIMINARY OBJECTIONS AND TRANSFERRING VENUE FROM THE COURT OF COMMON PLEAS, PHILADELPHIA COUNTY TO THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY BASED ON APPELLEES' CLAIM OF IMPROPER VENUE, WHERE PLAINTIFF ESTABLISHED THAT ABINGTON HOSPITAL REGULARLY CONDUCTS BUSINESS IN PHILADELPHIA BY VIRTUE OF ITS CLOSE AFFILIATIONS WITH PHILADELPHIA-BASED HEALTHCARE INSTITUTIONS AND REGU-

---

1.  Thus, this is an interlocutory appeal taken as of right pursuant to Pa.R.A.P. 311(c), 42 Pa.C.S.A.

2.  Service was not made on Abington Primary Care Medicine, P.C. until January 22, 2002, just prior to the filing of the notice of appeal in this case.  Consequently, it has not participated in this appeal.

3.  The trial court also ruled on the motion to strike and granted Appellant leave to file an amended complaint.

LARLY PARTICIPATES IN ACTIVITIES IN PHILADELPHIA IN FURTHERANCE OF ITS MAIN CORPORATE OBJECTIVE?

Appellant's Brief at 5. We begin by noting our scope and standard of review which this Court recently set forth as follows.

> A trial court's ruling on venue will not be disturbed if the decision is reasonable in light of the facts. *Mathues v. Tim-Bar Corp.*, 438 Pa.Super. 231, 652 A.2d 349, 351 (Pa.Super.1994). A decision to transfer venue will not be reversed unless the trial court abused its discretion. *Id.* A plaintiff's choice of forum is given great weight, and the burden is on the party challenging that choice to show it is improper. *Masel v. Glassman*, 456 Pa.Super. 41, 689 A.2d 314, 316 (Pa.Super.1997).

*Borger v. Murphy*, 797 A.2d 309, 312 (Pa.Super.2002), *appeal denied*, 570 Pa. 680, 808 A.2d 568 (2002). However, "if there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand." *Estate of Werner v. Werner*, 781 A.2d 188, 190 (Pa.Super.2001) (citation omitted). The Rules of Civil Procedure make specific provision for venue in pertinent part as follows.

### Rule 1006.   Venue. Change of Venue

(a) Except as otherwise provided by Subdivisions (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law.

(b) Actions against the following defendants, except as otherwise provided in Subdivision (c), may be brought in and only in the counties designated by the following rules:  ... corporations and similar entities, Rule 2179.

(c) An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against one of the defendants under the general rules of Subdivisions (a) or (b).

Pa.R.C.P. 1006, 42 Pa.C.S.A.[4] Instantly, because several corporations are party defendants, Rule 2179 is also applicable. That Rule provides in relevant part as follows.

### Rule 2179.   Venue

(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

---

**4.** We recognize that our Supreme Court amended Rule 1006 on January 27, 2003 to add new subdivision (a.1), which provides, "Except as otherwise provided by subdivision (c), a medical professional liability action may be brought against a health care provider for a medical professional liability claim only in a county in which the cause of action arose." Pa.R.C.P. 1006(a.1), 42 Pa.C.S.A. The note to subdivision (b) further makes clear that corporations are subject to subdivision (a.1) in medical professional liability actions. However, and significantly, the Court clarified by amendatory order on March 5, 2003 that these new amendments apply only to medical professional liability actions filed on or after January 1, 2002. *In Re: Amendment of Rules of Civil Procedure Governing Venue*, No. 381, Civil Procedural Rules Docket No. 5 (Pa. Mar. 5, 2003). Inasmuch as the present action was filed prior to January 1, 2002, new subdivision (a.1) of Rule 1006 has no application to this matter.

(1) the county where its registered office or principal place of business is located;

(2) a county where it regularly conducts business;

(3) the county where the cause of action arose; or

(4) a county where the transaction or occurrence took place out of which the cause of action arose.

Pa.R.C.P. 2179(a), 42 Pa.C.S.A. There is no dispute that the alleged malpractice occurred in Montgomery County and that all of the individual Appellees maintain their offices and residences in Montgomery County. It is further undisputed that the sole basis for determining that venue may be proper in Philadelphia County depends on whether Abington Memorial Hospital regularly conducts business there.

¶5 Our Supreme Court's decision in *Purcell v. Bryn Mawr Hospital*, 525 Pa. 237, 579 A.2d 1282 (1990), provides substantial guidance for our resolution of this issue. In *Purcell*, the Court reviewed the question of whether venue in that medical malpractice suit was properly laid in Philadelphia County where Bryn Mawr Hospital, the situs of the alleged negligence, was located in Montgomery County. That determination turned on whether Bryn Mawr Hospital's contacts with Philadelphia County were sufficient to compel it to defend itself there. The Court explained that such business contacts must be evaluated based on their "quality" and "quantity." *Id.* at 244, 579 A.2d at 1285 (quoting *Shambe v. Delaware and Hudson Railroad Co.*, 288 Pa. 240, 135 A. 755 (1927)). "'Quality of acts' means those directly, furthering or essential to, corporate objects; they do not include incidental acts. Quantity means those acts which are 'so continuous and sufficient to be general or habitual.'" *Id.* at 244, 579 A.2d at 1285

(citing *Shambe*, 288 Pa. at 248, 135 A. at 757.) For corporate acts, "those in 'aid of a main purpose' are collateral and incidental, while 'those necessary to its existence' are 'direct.'" *Id.*

¶6 The Supreme Court further explained that each case must rest on its own facts. *Id.* The plaintiff in *Purcell* asserted the following as evidence that Bryn Mawr conducted business in Philadelphia County: it had contractual relations with residency programs of Philadelphia teaching hospitals, recruited and employed medical students from those teaching hospitals, advertised in Philadelphia telephone directories and a Philadelphia newspaper, purchased goods and services from Philadelphia County businesses, and derived a percentage of its income from Philadelphia residents. Bryn Mawr did not, however, have a branch clinic or other such presence in Philadelphia County. After consideration of the nature of these business contacts, the Supreme Court concluded that venue was not proper in Philadelphia County because none of the contacts was more than incidental.

¶7 In the case at bar, Appellees noted in their preliminary objections that Appellant's amended complaint made no reference to any contact by any party with Philadelphia County and further asserted that all of the Appellees were located in Montgomery County. In response, Appellant pointed to several categories of contacts by Abington Memorial Hospital which she claimed are sufficient to confer venue in Philadelphia: (1) an affiliation with Children's Hospital of Philadelphia (the "CHOP connection"); (2) an affiliation with Philadelphia County medical schools; (3) advertisement as a Philadelphia healthcare provider including website promotion; and (4) its filing of civil claims in the Court of Common Pleas of Philadelphia. In addition, Appellant argued that this very is-

sue had been decided against Abington Memorial Hospital in numerous other lawsuits filed against it in Philadelphia County. These are the same arguments which Appellant makes in the context of her two issues on appeal. We address these issues in the order presented.

¶ 8 First, Appellant argues that multiple decisions by the various judges of the Court of Common Pleas of Philadelphia County have repeatedly ruled that Abington Memorial Hospital is subject to venue in Philadelphia County. She contends that the doctrine of collateral estoppel prevents this issue from relitigation in the instant matter. Collateral estoppel is applicable when the issue decided in a prior adjudication is identical to that presented in the later action; there was a final judgment on the merits; the party against whom the doctrine is asserted was a party to the prior adjudication or was in privity with such a party; and the party against whom it is asserted had a full and fair opportunity to litigate the issue in the prior adjudication. *Murphy v. Duquesne University*, 565 Pa. 571, 777 A.2d 418 (2001).

¶ 9 Appellant identifies numerous cases in which the Philadelphia County court entered orders ruling on preliminary objections. These orders, however, were not accompanied by any opinion explaining the reasons for their entry. *See* Appellant's Reply Brief at 5–6. We must observe that an order overruling preliminary objections can hardly constitute a final judgment on the merits. Moreover, our Supreme Court has previously explained that an order entered without an opinion or other explanation cannot provide justification for invoking the doctrine of collateral estoppel. *Safeguard Mutual Insurance*

*Co. v. Williams*, 463 Pa. 567, 577, 345 A.2d 664, 669–70 (1975). Nonetheless, in an attempt to circumvent this principle, Appellant has included within her reproduced record various documents which she claims support her argument that this issue has been fully and fairly determined on the merits.[5] Of course, "[t]his Court may only rely on what appears in the certified record." *In re J.I.R.*, 808 A.2d 934, 935 (Pa.Super.2002), *appeal denied*, 573 Pa. 672, 821 A.2d 587 (2003)(quoting *Bennyhoff v. Pappert*, 790 A.2d 313, 317 (Pa.Super.2001), *appeal denied*, 573 Pa. 682, 823 A.2d 143 (2003)). A document does not become part of the official record simply by including a copy in the reproduced record. *Rosselli v. Rosselli*, 750 A.2d 355 (Pa.Super.2000), *appeal denied*, 564 Pa. 696, 764 A.2d 50 (2000). Accordingly, we may not consider these extraneous matters as supportive of Appellant's arguments.

¶ 10 Moreover, our Supreme Court has explicitly stated that when courts decide issues of venue, "each case rests on its own facts." *Purcell, supra*, 525 Pa. at 246, 579 A.2d at 1286. This principle is plainly evident in the parties' acknowledgements that the Philadelphia County trial courts have ruled both ways regarding issues of venue over Abington Memorial Hospital. For all of these reasons, we are not persuaded that the doctrine of collateral estoppel has any application to this matter. On the contrary, it is clear that we must evaluate the propriety of venue in Philadelphia County based upon the unique facts and circumstances of this particular case. We therefore find no merit to Appellant's first argument on appeal and accordingly reject it.

¶ 11 We now turn to the second issue presented, which is whether Abing-

5. For example, Appellant has provided copies of the briefs filed in some of those other cases, and she claims that a review of the arguments set forth therein demonstrates that the trial court has ruled on the merits of the venue issue.

ton Memorial Hospital's contacts with Philadelphia County are sufficient to confer venue there for this case. In support of her position, Appellant contends that there is an affiliation between Abington Memorial Hospital and CHOP which she describes as follows. The 2001 Dorland's Physician Directory (Delaware Valley Edition) states that the hospital is affiliated with CHOP for inpatient and outpatient pediatric services. Abington Memorial Hospital's internet website states that its pediatric services are enhanced by the CHOP connection which provides for consultation at Abington Memorial by CHOP specialists. There is a transport service between Abington Memorial and CHOP for children who require a transfer between the facilities. Appellant also notes that Abington Memorial Hospital is a member of an inpatient "network" which allows collaboration among various satellite facilities, and she finds significant that the medical director of the pediatric program at Abington Memorial Hospital is a member of the staff at CHOP. From this, Appellant summarily concludes that Abington Memorial's corporate objectives are only met through its connection with CHOP.

¶ 12 All of the foregoing, according to Appellant, establishes that Abington Memorial Hospital regularly conducts business in Philadelphia. We cannot agree. As the trial court astutely noted, Appellant's argument is premised on services provided at the facility known as Abington Memorial Hospital which is located in Montgomery County. Although Appellant asserts that CHOP physicians regularly travel to Abington Memorial and that patients may be transported between the medical facilities, the fact remains that the two hospitals operate independently in their respective counties. None of these instances of a connection to or affiliation with CHOP contemplates Abington Memo-

rial Hospital's provision of any services in Philadelphia County. It is evident then that Abington Memorial Hospital's main objective is to provide services to its patients at its facility in Montgomery County. When necessary or desirable, a physician from CHOP may be called to provide consultation at Abington Memorial, but those services are provided in Montgomery County. If there is a need for particular specialized care not available at Abington Memorial, the transport service is used to move the patient into Philadelphia County where such services may be provided by CHOP in its facility there.

¶ 13 It is clear that the mere existence of a relationship between these two medical facilities does not, without more, constitute quality business activity by Abington Memorial in Philadelphia County as contemplated by our Supreme Court and the Rules. *See Purcell, supra* (explaining that neither educational exchange programs nor routine transportation of patients between hospitals constitutes contacts forming the basis of venue as required Pa. R.C.P. 2179(a)(2).) Our review has found no corporate activities by Abington Memorial Hospital taking place in Philadelphia County "which directly further or are essential to the corporate object." *Masel, supra*, 689 A.2d at 318. On the contrary, we can only conclude that its contacts with CHOP and Philadelphia do no more than aid or enhance a main purpose and must be deemed collateral and incidental. *Purcell, supra*. As such, we are unable to find that the quantity and quality of these corporate contacts are sufficient to establish venue in Philadelphia County.

■ ¶ 14 Aside from the CHOP connection, Appellant also gives several other examples which she offers as further evidence of the business conducted by Abington Memorial Hospital in Philadelphia

County. These include the rotation of medical students and residents to Abington Memorial from various Philadelphia County medical schools. However, the Supreme Court expressly rejected this argument in *Purcell, supra,* finding rotation of personnel to be educational in purpose rather than characteristic of the business. Such activity is thus incidental and not necessary to the corporate existence. Accordingly, we do not find this activity to be a business contact for purposes of venue in Philadelphia County.

 ¶ 15 Appellant also claims that advertisements by Abington Memorial in the Dorland's Physician Directory and the Philadelphia yellow pages indicate that it serves Philadelphia County, as does its website. Our Supreme Court specifically concluded in *Purcell* that advertisements in a Philadelphia phone book and a newspaper fail to establish venue in Philadelphia County and do not amount to conducting business there. *See also Masel, supra* (finding advertisements in various publications in Philadelphia insufficient to establish venue based on *Purcell*). The same sort of advertisement appearing on an internet website is not treated any differently. *Kubik v. Route 252, Inc.,* 762 A.2d 1119 (Pa.Super.2000). Accordingly, we find no merit to the contentions regarding Abington Memorial Hospital's advertisements as conferring venue in Philadelphia County.

¶ 16 Finally, we address the argument that because Abington Memorial Hospital has instituted litigation in Philadelphia County, we should conclude that venue in this case is properly laid there. Once again, we find this activity is insufficient to establish proper venue in Philadelphia County. As we noted in *Gale v. Mercy Catholic Medical Center Eastwick, Inc.,* 698 A.2d 647, 652 n. 8 (Pa.Super.1997), *appeal denied,* 552 Pa. 696, 716

A.2d 1249 (1998), the business of a hospital "is the provision of medical care, not the commencement of lawsuits." Hence such activity does not directly further its corporate objectives. Moreover, we cannot help but observe that a plaintiff filing a civil action is limited in his choice of appropriate venues by the very procedural rules we have addressed herein. It would be incongruous to find that a plaintiff is "regularly conducting business" for venue purposes in a particular forum simply because he is bound by the Rules of Civil Procedure to maintain his action in a county where venue may properly be laid against the defendants.

¶ 17 For all of the foregoing reasons, we find no abuse of the trial court's discretion in transferring venue of these cases. Accordingly, the orders appealed from must be affirmed.

¶ 18 Orders affirmed.