J. S15032/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AMANDA COLLINS AND WAYNE COLLINS, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | No. 3256 EDA 2017 |
| | : | |
| GEORGE MARAGELIS AND PANAGIOTIS MARAGELIS | : | |

Appeal from the Order Dated August 18, 2017,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. March Term, 2017, No. 1095

BEFORE:  STABILE, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 23, 2018**

Amanda Collins and Wayne Collins (collectively, "appellants") appeal the August 18, 2017 order in which the Court of Common Pleas of Philadelphia County sustained the preliminary objections of George Maragelis and Panagiotis Maragelis (collectively, "appellees") and transferred the action filed by appellants against appellees from the Court of Common Pleas of Philadelphia County to the Court of Common Pleas of Delaware County.[1] After careful review, we affirm.

---

[1] This is an interlocutory appeal as of right pursuant to Pa.R.A.P. 311(c) ("an appeal may be taken as of right from an order in a civil action or proceeding changing venue. . . .").

On March 10, 2017, appellants filed a complaint sounding in negligence against appellees and alleged that either George or Panagiotis Maragelis operated a motor vehicle owned by George Maragelis that collided with a motor vehicle driven by Amanda Collins near the Commodore Barry Bridge on Interstate 95 on March 13, 2015. Appellants alleged that Amanda Collins, as a result of the accident, suffered disc herniation and bulging at C5-6, disc protrusion at C4-5, disc bulging at C2-3 and C3-4, aggravation of pre-existing degenerative changes in the cervical and thoracic spine, and various other internal and external injuries. Wayne Collins brought a loss of consortium claim against appellees.

On April 21, 2017, appellants served appellees at 218 Walnut Street, Newtown Square, Delaware County, Pennsylvania.

On June 9, 2017, appellees preliminarily objected to the complaint and moved to dismiss and/or transfer venue as the cause of action arose in Delaware County and each appellee resided in Delaware County. On June 25, 2017, appellants filed an answer and new matter to the preliminary objections. Appellants stated that appellees through their counsel, Grace Lim Slocum, Esq. ("Attorney Slocum"), agreed to refrain from filing preliminary objections in return for the agreement of appellants to strike certain factual allegations from the complaint.

On July 11, 2017, the trial court issued a rule to show cause why the preliminary objections should be granted on the issue of venue. The trial

court stated that it would accept affidavits, deposition evidence, and upon application for good cause shown, live testimony, relevant to the issue of venue. On July 20, 2017, appellants moved for clarification/reconsideration and asked the trial court to clarify or reconsider its position with respect to appellant's claim that appellees' challenge to venue by preliminary objection was barred by prior agreement of the parties.

On August 16, 2017, the trial court held a hearing on the preliminary objections. Following the hearing, the trial court granted the preliminary objections and transferred the case to the Court of Common Pleas of Delaware County on August 17, 2017. In addition, on August 17, 2017, the trial court denied the motion for clarification as moot. On September 18, 2017, appellants filed a notice of appeal.[2]

The trial court did not order appellants to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court filed an opinion on November 21, 2017.

Appellant raises the following issue for this court's review: "Whether the [trial] court erred in sustaining a preliminary objection alleging improper venue on the facts of record and the bare allegations of the objecting party

---

[2] The last day to appeal, September 16, 2017, fell on a Saturday. Accordingly, appellants' deadline to file a timely appeal was extended to the following business day, September 18, 2017. *See* 1 Pa.C.S.A. § 1908.

without securing evidence that venue was in fact improper, as required under Pa.R.Civ.P. 1028(a)(1) and (c)(2)?" (Appellant's brief at 4.)[3]

> Although a plaintiff, as a rule, may chose [sic] the forum in which to bring suit that right is not absolute. Rule 1006 not only articulates where the plaintiff may bring the action, but also provides three distinct bases upon which a defendant may challenge the plaintiff's chosen forum: improper venue by preliminary objection, **_forum non conveniens_**, and inability to hold a fair and impartial trial.
>
> **_Zappala v. Brandolini Prop. Mgmt., Inc.,_** 589 Pa. 516, 909 A.2d 1272, 1281 (2006).
>
> Pa.R.C.P. 1006(d)(1) vests the trial court with considerable discretion in determining whether or not to grant a petition for change of venue, and the standard of review is one of abuse of discretion. Only in such a case will the order be disturbed. The applicant bears the burden of proving that a change of venue is necessary, while a plaintiff generally is given the choice of forum so long as the requirements of personal and subject matter jurisdiction are satisfied.
>
> **_Purcell_** [**_v. Bryn Mawr Hosp._**, 579 A.2d 1282, 1284 (Pa. 1990)] (case citations omitted).
>
> "Each case must be based upon its own individual facts." **_Zampana-Barry v. Donaghue_**, 921 A.2d 500, 504 (Pa.Super. 2007), **_appeal denied_**, 596 Pa. 709, 940 A.2d 366 (2007) (citing **_Purcell_**). "A trial court has discretion to determine the lack of need for

---

[3] Although appellants also challenged the venue change on the basis of an alleged agreement between counsel, appellants have not pursued this argument on appeal.

further discovery on the issue of venue, and we review its decision in that regard for abuse of discretion." ***Deyarmin*** [***v. Consol Rail Corp.***, 931 A.2d 1, 7 (Pa.Super. 2007), ***appeal denied***, 948 A.2d 805 (Pa. 2008)].

Similarly, our standard of review for a challenge to an order transferring venue is well settled.

> A trial court's ruling on venue will not be disturbed if the decision is reasonable in light of the facts. A decision to transfer venue will not be reversed unless the trial court abused its discretion. A plaintiff's choice of forum is given great weight, and the burden is on the party challenging that choice to show it is improper.
>
> However, if there exists **any proper basis** for the trial court's decision to grant the petition to transfer venue, the decision must stand.

***Krosnowski v. Ward***, 836 A.2d 143, 146 (Pa.Super. 2003) (citations and internal quotation marks omitted) (emphasis added). "An abuse of discretion occurs when the trial judge overrides or misapplies the law, or exercises judgment in a manifestly unreasonable manner, or renders a decision based on partiality, prejudice, bias or ill-will." ***Sehl v. Neff***, 26 A.3d 1130, 1132 (Pa.Super. 2011) (citation omitted).

***Schultz v. MMI Prod., Inc.***, 30 A.3d 1224, 1227-1228 (Pa.Super. 2011).

The Rules of Civil Procedure address venue in pertinent part as follows:

**Rule 1006.  Venue.  Change of Venue.**

(a)    Except as otherwise provided by subdivisions (a.1), (b) and (c) of this rule, an action against

> an individual may be brought in and only in a county in which
>
> (1)     the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law. . . .

Pa.R.Civ.P. 1006(a)(1).

Pennsylvania Rule of Civil Procedure 402(a) sets forth where an individual may receive service. In relevant part, Rule 402 provides:

> (a)     Original process may be served
>
> (1)     by handing a copy to the defendant; or
>
> (2)     by handing a copy
>
> > (i)     at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or
> >
> > (ii)     at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house, or other place of lodging at which he resides; or
> >
> > (iii)     at any office or usual place of business of the defendant to his agent or

> to the person for the time
> being in charge thereof.

Pa.R.Civ.P. 402(a)(1).

Appellants argue that the trial court lacked the authority to relieve appellees of their burden to prove venue was improper, dispense with discovery altogether, and order a transfer of venue based on the pleadings in disregard of Pa.R.Civ.P. 1028(c)(2)[4] and its note stating that preliminary objections alleging improper venue cannot be determined from facts of record.

Appellants argue that the trial court failed to hold appellees to their burden of proving that objections to venue were valid. *See **Gale v. Mercy Catholic Med. Ctr. Eastwick, Inc.**, 698 A.2d 647, 651 (Pa.Super. 1997). Appellants also assert that the trial court did not resolve the dispute through the reception of evidence but on its own view of the facts, as appellees did

---

[4] Rule 1028(c)(2) of the Pennsylvania Rules of Civil Procedure provides as follows:

> (2) The court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall consider evidence by depositions or otherwise.
>
> *Note:* Preliminary objections raising an issue under subdivision (a)(1), (5), (6), (7) or (8) cannot be determined from facts of record. In such a case, the preliminary objections must be endorsed with a notice to plead or no response will be required under Rule 1029(d).

Pa.R.Civ.P. No. 1028.

not prepare affidavits that set forth facts that established that venue in Philadelphia County was improper.

Appellants concede that the trial court did not err when it determined that the accident occurred in Delaware County based on the location of the Commodore Barry Bridge. However, appellants assert that the trial court erred when it ruled venue was improper based on the affidavits of service that indicated service was made on appellees in Delaware County.[5] According to appellants, these affidavits only proved that venue was proper in Delaware County not that venue in Philadelphia County was improper.

Here, the trial court appears to have taken judicial notice that the alleged accident occurred in Delaware County. Appellants do not argue this point. Furthermore, the affidavits of service indicate that appellees were served in Delaware County. In the record, there is no evidence of service in another county or that service was not effectuated in Delaware County. The key question for this court is whether the trial court's decision to transfer venue was reasonable in light of the facts presented. **See Schultz**. In **Krosnowski**, 836 A.2d at 146, this court stated that if there is any basis to affirm a trial court's decision to transfer venue, the decision must stand. Given that the accident occurred in Delaware County and appellees were

---

[5] At the trial court hearing, appellees referenced the affidavits of service that indicated that appellees were served in Delaware County. (Notes of testimony, 8/16/17 at 6.)

served in Delaware County, the trial court's transfer of venue appears reasonable in light of the facts.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/18