J-A09042-19

2019 PA Super 166

| | | |
|---|---|---|
| JOY M. FOX | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STACEY SMITH, DREW J. BAUM, | : | |
| GINAMARIE ELLIS, THERESA | : | |
| AGOSTINELLI, STEVE COCOZZA, | : | No. 1938 EDA 2018 |
| ELLEN LUONGO, STEVEN LUONGO, | : | |
| MARYANN D. FURLONG, RICHARD B. | : | |
| KERNS, WILLIAM PASCALE, | : | |
| REPUBLICAN COMMITTEE OF | : | |
| CHESTER HEIGHTS AND COMMITTEE | : | |
| FOR THE FUTURE OF CHESTER | : | |
| HEIGHTS, | : | |
| | : | |
| | : | |
| APPEAL OF:  THERESA AGOSTINELLI | : | |
| AND DREW BAUM | : | |

Appeal from the Order Dated June 15, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  01438 February Term, 2018

| | | |
|---|---|---|
| JOY M. FOX | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STACEY SMITH, DREW J. BAUM, | : | |
| GINAMARIE ELLIS, THERESA | : | |
| AGOSTINELLI, STEVE COCOZZA, | : | No. 1942 EDA 2018 |
| ELLEN LUONGO, STEVEN LUONGO, | : | |
| MARYANN D. FURLONG, RICHARD B. | : | |
| KERNS, WILLIAM PASCALE, | : | |
| REPUBLICAN COMMITTEE OF | : | |
| CHESTER HEIGHTS AND COMMITTEE | : | |
| FOR THE FUTURE OF CHESTER | : | |
| HEIGHTS, | : | |
| | : | |

|  | : |  |
|---|---|---|
| APPEAL OF: STACEY SMITH | : |  |

Appeal from the Order Dated June 15, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 01438 February Term, 2018

| JOY M. FOX | : | IN THE SUPERIOR COURT OF |
|---|---|---|
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| STACEY SMITH, DREW J. BAUM, | : |  |
| GINAMARIE ELLIS, THERESA | : |  |
| AGOSTINELLI, STEVE COCOZZA, | : | No. 1952 EDA 2018 |
| ELLEN LUONGO, STEVEN LUONGO, | : |  |
| MARYANN D. FURLONG, RICHARD B. | : |  |
| KERNS, WILLIAM PASCALE, | : |  |
| REPUBLICAN COMMITTEE OF | : |  |
| CHESTER HEIGHTS AND COMMITTEE | : |  |
| FOR THE FUTURE OF CHESTER | : |  |
| HEIGHTS, | : |  |
|  | : |  |
|  | : |  |
| APPEAL OF: WILLIAM PASCALE AND | : |  |
| DREW BAUM | : |  |

Appeal from the Order Dated June 15, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 01438 February Term, 2018

| JOY M. FOX | : | IN THE SUPERIOR COURT OF |
|---|---|---|
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| STACEY SMITH, DREW J. BAUM, | : |  |
| GINAMARIE ELLIS, THERESA | : |  |
| AGOSTINELLI, STEVE COCOZZA, | : | No. 1968 EDA 2018 |
| ELLEN LUONGO, STEVEN LUONGO, | : |  |

- 2 -

MARYANN D. FURLONG, RICHARD B.      :
KERNS, WILLIAM PASCALE,             :
REPUBLICAN COMMITTEE OF             :
CHESTER HEIGHTS AND COMMITTEE       :
FOR THE FUTURE OF CHESTER           :
HEIGHTS,                            :
                                    :
                                    :
APPEAL OF:  ELLEN LUONGO,           :
STEVEN LUONGO, REPUBLICAN           :
COMMITTEE OF CHESTER HEIGHTS,       :
AND COMMITTEE FOR THE FURTURE        :
OF CHESTER HEIGHTS                  :
(COLLECTIVELY, "MOVING              :
DEFENDANTS")                        :
                                    :
                                    :
                                    :

Appeal from the Order Dated June 15, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  01438 February Term, 2018

BEFORE:   KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

CONCURRING OPINION BY MURRAY, J.:              **FILED MAY 23, 2019**

I agree with the Majority's disposition which is based on our current

legal interpretation of venue in defamation cases.  However, I write separately

to emphasize that, as the Majority states, this appeal concerns a claim of

internet defamation, and as such is one of first impression.  Majority at 7.  I

further note that our current law has failed to keep up with the rapidly growing

forms of electronic communication.  On a daily basis technology continues to

advance, and its uses continue to grow exponentially by both industry and

_____

* Retired Senior Judge assigned to the Superior Court.

- 3 -

private citizens. Most of our current legal authority predates electronic publication. Here, as with other instances involving internet publication, we have resolved the question of venue under prevailing law.[1] In doing so, we are

> bound by decisional and statutory legal authority, even when equitable considerations may compel a contrary result. We underscore our role as an intermediate appellate court, recognizing that "the Superior Court is an error correcting court and we are obliged to apply the decisional law as determined by the Supreme Court of Pennsylvania." "It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court."

**Matter of M.P.**, ___ A.3d ___, 2019 WL 850581 at *2 n.2. (Pa. Super. 2019) (citations omitted).

The above notwithstanding, as technology continues to grow and its application implicates various elements of both criminal and civil law, this Court will continue to be presented with novel appeals involving the use of electronic communication, the majority of which will be decided by precedent that never contemplated electronic publication. Accordingly, I write to underscore that the courts of this Commonwealth — both at the intermediate

---

[1] **See e.g. Kubik v. Route 252, Inc.**, 762 A.2d 1119, 1125 (Pa. Super. 2000) (applying existing decisional law to resolve the "the novel question of whether [defendant restaurant's] activities on its website entail 'regularly conducted business,'" and holding such activities did not establish venue in Philadelphia). **See also Krosnowski v. Ward**, 836 A.2d 143 (Pa. Super. 2003) (*en banc*) (applying **Kubik** and holding that hospital's advertisement on internet website "is not treated any differently" from advertisements in a Philadelphia phone book and newspaper).

appellate and trial levels — would benefit from decisional and statutory guidance in analyzing established legal principles such as venue. Accordingly, in joining the Majority, I respectfully request that our Supreme Court, its rules committees, and our legislature provide further guidance in the evolving area of electronic communications.