J-A23023-24                    2025 PA Super 83

| | | |
|---|---|---|
| YESENIA MENDOZA-COLON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUSCOMB, INC., GARY'S | : | No. 65 MDA 2024 |
| FURNITURE, AND JOHN DOE, | : | |
| EMPLOYEE OF LUSCOMB INC. | : | |

Appeal from the Order Entered November 22, 2023
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2023 06789

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

OPINION BY OLSON, J.:                          **FILED APRIL 10, 2025**

Appellant, Yesenia Mendoza-Colon, appeals from the order entered on November 22, 2023.  The subject order sustained the preliminary objections to venue filed by Luscomb, Inc., Gary's Furniture, and John Doe, Employee of Luscomb, Inc. (hereinafter, collectively, "the Defendants"), and ordered that the matter be transferred from Luzerne County to the Lycoming County Court of Common Pleas.  We vacate and remand.

On June 29, 2023, Appellant initiated the current action by filing a complaint against the Defendants in the Court of Common Pleas of Luzerne County.  Within the complaint, Appellant averred that she lives in Lancaster County, Pennsylvania and that defendants Luscomb, Inc. and Gary's Furniture (hereinafter, collectively, "Defendant Gary's Furniture") have their registered office and principal place of business in Lycoming County, Pennsylvania.

Appellant's Complaint, 6/29/23, at ¶¶ 1-2. Nevertheless, as Appellant averred, "at all times relevant[, Defendant Gary's Furniture] conducted business in Luzerne County[, Pennsylvania]." *Id.* at ¶ 2.

According to the complaint, on June 6, 2021, Appellant was working for Way Services, Inc. and was tasked with driving her delivery truck to Defendant Gary's Furniture, where it was to be unloaded. *Id.* at ¶¶ 5-7. She averred that she "park[ed] her delivery truck in the designated unloading spot [at Defendant Gary's Furniture] and met with Defendant John Doe, who was an employee of [Defendant] Gary's Furniture[,] sent by [Defendant Gary's Furniture] to assist [Appellant] with unloading" the truck. *Id.* at ¶ 7. As Appellant averred, while she was busy elsewhere, Defendant John Doe overloaded the pallet-jack with boxes that were "crooked, dangling, and swaying in an unsafe and dangerous manner." *Id.* at ¶¶ 9-10. She averred that she "attempted to grab hold [of] the boxes when one of them fell onto her hand, causing serious personal injuries and damages." *Id.* at ¶ 10.

Appellant's two-count complaint alleged that the Defendants were negligent and that, as a result of this negligence, Appellant suffered acute and permanent injuries, as well as substantial damages. *See id.* at ¶¶ 1-25.

The Defendants filed preliminary objections to Appellant's complaint and, within these preliminary objections, the Defendants claimed that venue was improper in Luzerne County. As the Defendants noted, Pennsylvania Rule of Civil Procedure 2179(a) provides the following, general rule:

a personal action against a corporation or similar entity may be brought in and only in a county where

> (1) the registered office or principal place of business of the corporation or similar entity is located;
>
> (2) the corporation or similar entity regularly conducts business;
>
> (3) the cause of action arose;
>
> (4) a transaction or occurrence took place out of which the cause of action arose; or
>
> (5) the property or a part of the property, which is the subject matter of the action, is located provided that equitable relief is sought with respect to the property.

Pa.R.C.P. 2179(a).

Citing to Rule 2179(a), the Defendants argued that "venue is not proper over [them] in Luzerne County" and that "the matter should be transferred to the Court of Common Pleas of Lycoming County, which is the only venue in which this action may be brought." The Defendants' Preliminary Objections to Complaint, 9/19/23, at ¶ 22. In support of this argument, the Defendants first claimed that Defendant Gary's Furniture "has only one place of business, which is located [in] . . . Lycoming County." *Id.* at ¶ 13. Thus, the Defendants reasoned, the alleged incident could have only occurred in Lycoming County. *Id.* at ¶ 14.

Second, the Defendants noted, neither the Defendants nor Appellant is from Luzerne County. Rather, Appellant is a resident of Lancaster County and Defendant Gary's Furniture has its registered office and principal place of business in Lycoming County. *Id.* at ¶¶ 8-12.

Further, the Defendants alleged that Defendant Gary's Furniture: "does not maintain, and has not ever maintained, an office or place of business in Luzerne County;" "does not conduct, and has never conducted, any business in Luzerne County;" "does not own or lease, and has never owned or leased, any real property in Luzerne County;" "is not licensed or registered, and has never been licensed or registered, to conduct business in Luzerne County;" "does not pay, and has never paid, local income tax or Business Income and Receipts Tax in Luzerne County;" "did not on the date of the alleged incident or at present advertise in Luzerne County;" and, "does not employ anyone who on the date of the accident at issue in this matter or at present resides in Luzerne County." *Id.* at 15-23 (emphasis omitted).

Finally, the Defendants attached to their preliminary objections an affidavit sworn by James F. Colburn, a corporate officer of Defendant Gary's Furniture, where Mr. Colburn swore that all of the above statements were true. *See id.* at Exhibit "B".

Appellant filed a response in opposition to the Defendants' preliminary objections and claimed that venue was proper in Luzerne County. First, Appellant emphasized, Defendant Gary's Furniture is a retail furniture store. Appellant's Response in Opposition to Preliminary Objections, 10/9/23, at ¶ 11. Appellant argued:

> Defendant Gary's Furniture does business in Luzerne County and thus venue is proper. On [Defendant Gary's Furniture's] website . . . , they indicate that they offer "free delivery, setup & removal on orders over [$699] within 50 miles." [The] Luzerne County [Courthouse] is listed as 53.5 miles

from [Defendant Gary's Furniture] store on [Google Maps], but as the crow flies, [it is] well within 50 miles. Even if we accept that [Defendant Gary's Furniture] intended driving miles rather than straight distance, there are plenty of towns in Luzerne County within 50 miles of [Defendant Gary's Furniture's store. . . .

If [Defendant] Gary's Furniture did not intend to subject themselves to venue in neighboring counties, perhaps they could have offered free delivery, setup and removal in Lycoming County only. . . . Since it is clear from Defendant [Gary Furniture's] own website that they offer services that fall within Luzerne County, venue is proper and the preliminary objections to venue should be overruled. In the alternative, discovery should be conducted as to this issue.

Appellant's Memorandum in Response to Preliminary Objections, 10/9/23, at 2-3 (citations omitted).

Following oral argument, the trial court sustained the Defendants' preliminary objections to venue and transferred the case from Luzerne County to the Lycoming County Court of Common Pleas. **See** Trial Court Order, 11/22/23, at 1. Appellant filed a timely notice of appeal from the trial court's order and now raises two claims to this Court:[1]

[1.] Was there an abuse of discretion, and misapplication of the law, when the trial court transferred venue out of Luzerne County where [Defendant Gary's Furniture], a furniture retail seller, regularly conducts business by sending trucks into Luzerne County to deliver[], setup and remove furniture,

---

[1] The trial court's order, which transferred Appellant's case against the Defendants to Lycoming County because of improper venue, is an interlocutory order appealable as of right. Pa.R.A.P. 311(c) ("[a]n appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of *forum non conveniens* or analogous principles").

directly furthering their corporate objective of selling furniture?

[2.] Is there an abuse of [discretion] when the [trial court] transfers venue without allowing a period of discovery to enable [Appellant] to document the quantity and quality of contacts [Defendant Gary's Furniture] has in Luzerne County?

Appellant's Brief at 4.

"A trial court's ruling on venue will not be disturbed if the decision is reasonable in light of the facts. A decision to transfer venue will not be reversed unless the trial court abused its discretion." *Krosnowski v. Ward*, 836 A.2d 143, 146 (Pa. Super. 2003) (*en banc*) (quotation marks and citations omitted). Indeed, as this Court has held, "if there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand." *Id.* Further, "[t]he plaintiff's choice of forum is given great weight. Thus, the party seeking a change of venue 'bears the burden of proving that a change of venue is necessary, while a plaintiff generally is given the choice of forum so long as the requirements of personal and subject matter jurisdiction are satisfied.'" *Zampana-Barry v. Donaghue*, 921 A.2d 500, 503 (Pa. Super. 2007) (citations omitted), *quoting* *Purcell v. Bryn Mawr Hosp.*, 579 A.2d 1282, 1284 (Pa. 1990).

As to the abuse of discretion standard:

An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the judgment is the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused. We emphasize that an abuse of

discretion may not be found merely because the appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.

***Nat'l Penn Bank v. Shaffer***, 672 A.2d 326, 328 (Pa. Super. 1996) (quotation marks, citations, and corrections omitted).

Pennsylvania Rule of Civil Procedure 2179 prescribes venue for personal actions against corporations and similar entities. ***See*** Pa.R.C.P. 1006(b) ("[a]ctions against the following defendants, except as otherwise provided in subdivision (c), may be brought in and only in the counties designated by the following rules: . . . corporations and similar entities, Rule 2179"). As is relevant to the current appeal, Rule 2179(a)(2) declares: "a personal action against a corporation or similar entity may be brought in and only in . . . a county where it regularly conducts business." Pa.R.C.P. 2179(a)(2).[2, 3]

Our Supreme Court has held that the determination of whether a corporation "regularly conducts business" in a particular county depends upon the "quality" and "quantity" of the business conducted within the county. Thus, for a corporation to "regularly conduct business" in a county:

---

[2] Rule 2179 lists other circumstances in which a plaintiff may properly bring a personal action against a corporation in a particular county. ***See*** Pa.R.C.P. 2179. However, no other circumstance is applicable to the current appeal. ***See*** Appellant's Brief at 9-15.

[3] ***See also*** Pa.R.C.P. 1006(c)(1) ("an action to enforce a joint or joint and several liability against two or more defendants . . . may be brought against all defendants in any county in which the venue may be laid against any one of the defendants").

the business engaged in must be sufficient in quantity and quality. The term "quality of acts" means those directly, furthering, or essential to, corporate objects; they do not include incidental acts. By "quantity of acts" is meant those which are so continuous and sufficient to be termed general or habitual. A single act is not enough.

*Monaco v. Montgomery Cab Co.*, 208 A.2d 252, 256 (Pa. 1965) (corrections and some quotation marks omitted), *quoting* *Shambe v. Delaware & H.R. Co.*, 135 A. 755, 757 (Pa. 1927); *see also Hangey v. Husqvarna Prof'l Prods., Inc.*, 304 A.3d 1120, 1142 (Pa. 2023).

In essence, the venue criteria found at Rule 2179(a)(2) "provide[] a theory of transient jurisdiction by counties in which the corporation is present by virtue of its business activities or contacts. In this circumstance, and provided that the business contacts are more than incidental, a corporation can be compelled to defend itself." *Purcell*, 579 A.2d at 1284. The rationale and purpose of the rule is to "permit a plaintiff to institute suit against the defendant in the county most convenient for [the plaintiff] and his witnesses" while, at the same time, assuring that "the corporation which has been sued ha[s] sufficient connection to the county." *Burdett Oxygen Co. v. I.R. Wolfe & Sons, Inc.*, 249 A.2d 299, 302 (Pa. 1969) (quotation marks and citations omitted); *Purcell*, 579 A.2d at 1286.

On appeal, Appellant claims that the trial court erred in sustaining the Defendants' preliminary objections to venue and in transferring the case from Luzerne County to Lycoming County. According to Appellant, she submitted evidence in opposition to the Defendants' preliminary objections, which

tended to show that Defendant Gary's Furniture regularly conducts business in Luzerne County. **See** Appellant's Brief at 9-14. Specifically, Appellant argues, she submitted evidence from Defendant Gary's Furniture's own website, advertising that Defendant Gary's Furniture offers "free delivery, setup & removal on orders over [$699] within 50 miles" of its store. **See** Appellant's Memorandum in Response to the Defendants' Preliminary Objections, 10/9/23, at 2-3 and Exhibits "A" and "B". As Appellant notes, this "50 mile" radius includes areas within Luzerne County. **See id.** Further, although Appellant acknowledges that the Defendants attached an affidavit from James F. Colburn, a corporate officer for Defendant Gary's Furniture, where Mr. Colburn swore that Defendant Gary's Furniture "does not conduct, and has never conducted, any business in Luzerne County," Appellant claims that the factual conflict in this case renders it "necessary to take discovery by interrogatories or depositions to see the number of furniture deliveries, setups, and removals made by [Defendant Gary's Furniture] in Luzerne County." Appellant's Brief at 14. We agree with Appellant.

Pennsylvania Rule of Civil Procedure 1028(a)(1) allows a party to file preliminary objections to a complaint, based upon improper venue. **See** Pa.R.C.P. 1028(a)(1). Rule 1028(c)(2) requires a trial court to "determine promptly all preliminary objections" and further mandates: "[i]f an issue of fact is raised [by the preliminary objections], the court shall consider evidence by depositions or otherwise." Pa.R.C.P. 1028(c)(2). Under this rule, "a trial court may appropriately resolve preliminary objections to venue . . . without

discovery [only] in cases where no factual issues were raised which necessitated the reception of evidence." ***Deyarmin v. Consol. Rail Corp.***, 931 A.2d 1, 14 (Pa. Super. 2007) (quotation marks and citations omitted). However:

> if an issue of fact is raised by preliminary objections[,] the trial court may not reach a determination based upon its view of the controverted facts, but must resolve the dispute by receiving evidence thereon through interrogatories, depositions or an evidentiary hearing. The failure of the parties to provide the evidence necessary for a proper determination of the issue does not excuse the court from further inquiry.

***Id.*** (quotation marks, citations, and corrections omitted).[4]

Here, corporate officer James F. Colburn submitted a sworn affidavit, declaring that Defendant Gary's Furniture "does not conduct, and has never conducted, any business in Luzerne County." ***See*** The Defendants' Preliminary Objections to Complaint, 9/19/23, at Exhibit "B". Appellant, however, submitted evidence from Defendant Gary's Furniture's own website, advertising that Defendant Gary's Furniture offers "free delivery, setup & removal on orders over [$699] within 50 miles" of its store – which is an area that includes parts of Luzerne County. ***See*** Appellant's Memorandum in Response to the Defendants' Preliminary Objections, 10/9/23, at 2-3 and Exhibits "A" and "B".

---

[4] The note to Rule 1028 declares that preliminary objections grounded in improper venue "cannot be determined from facts of record." ***See*** Pa.R.C.P. 1028 Note.

"[M]ere solicitation of business within a certain county does not render venue there appropriate." ***Battuello v. Camelback Ski Corp.***, 598 A.2d 1027, 1029 (Pa. Super. 1991). However, and obviously, since Defendant Gary's Furniture is a retail furniture seller, **acts evincing** the "free delivery, setup, & removal on orders" into Luzerne County would constitute acts "directly, furthering, or essential to, [its] corporate object[ive]" of selling furniture. ***Monaco***, 208 A.2d at 256. Thus, any such acts by Defendant Gary's Furniture that involve furniture sales, deliveries, or other customer support services within Luzerne County would satisfy the "quality" prong of the "regularly conducts business" test. ***See Monaco***, 208 A.2d at 256 (even though the defendant taxi cab company was prohibited from picking up passengers in Philadelphia County, the Supreme Court held that venue was proper in Philadelphia where the defendant was "permitted to pick [customers] up in Montgomery County and take them to Philadelphia County;" as to the "quality" prong, the Supreme Court held "[c]learly, the acts of driving into Philadelphia County at the request of customers and collecting fares there were acts directly essential to and in furtherance of corporate objects"); ***Canter v. Am. Honda Motor Corp.***, 231 A.2d 140 (Pa. 1967) (plaintiff sued the defendant, a manufacturer of motorcycles, in Philadelphia, for an accident that occurred in Montgomery County; although the defendant averred that "it had never conducted business in Philadelphia County," the Supreme Court held that it satisfied the "quality" prong of the "regularly conducts business" test because it "dr[ove] into Philadelphia to demonstrate cars and to

consummate sales," which were "acts directly essential to and in furtherance of corporate objects"); **Burdett Oxygen** 249 A.2d at 299 (although the defendant corporation was contractually barred from selling to customers in Montgomery County, the quality prong of the "regularly conducts business" test was satisfied because "[c]onducting business involves more than selling; certainly it cannot be denied that [the defendant corporation] was doing business when it purchased materials necessary to continue its distribution business" in the county); **Hangey v. Husqvarna Prof'l Prods., Inc.**, 304 A.3d 1120 (Pa. 2023) (where defendant Husqvarna was "in the business of distributing consumer outdoor products" to retailers, the "quality" prong of the "regularly conducts business" test was satisfied in Philadelphia County, because the defendant "furthers [its] business objective by distributing products to two Philadelphia retailers . . . [who] have physical, specific places of business in Philadelphia County") (quotation marks and corrections omitted).

Given the venue principles set forth above, Appellant, at the preliminary objection stage of the proceedings, requested that the trial court grant her permission to conduct discovery on the venue-related issues, with particular regard to "the number of furniture deliveries, setups, and removals made by [Defendant Gary's Furniture] in Luzerne County." **See** Appellant's Memorandum in Response to the Defendants' Preliminary Objections, 10/9/23, at 12; Appellant's Brief at 14. The trial court denied Appellant's request for discovery and, instead, sustained the Defendants' preliminary

objections based upon Mr. Colburn's sworn statement that Defendant Gary's Furniture "does not conduct, and has never conducted, any business in Luzerne County." **See** Trial Court Opinion, 1/31/24, at 4-9; **see also** the Defendants' Preliminary Objections to Complaint, 9/19/23, at Exhibit "B". Respectfully, we conclude that the trial court's order was an abuse of discretion and that the competing venue claims in this case cannot be decided without further discovery and, potentially, a hearing.

At the outset, Mr. Colburn's sworn statement that Defendant Gary's Furniture "does not conduct, and has never conducted, any business in Luzerne County" is "a legal conclusion drawn from our case law on the quality-quantity test, not a factual averment." **Kazanjian v. First Liberty Ins. Corp.**, 284 A.3d 942 (Pa. Super. 2022) (non-precedential decision).[5, 6] Further, Mr. Colburn's statement lacks numerical support regarding "the number of furniture deliveries, setups, and removals made by [Defendant Gary's Furniture] in Luzerne County," or regarding the regularity of any such action in the county. **See id.**

_____

[5] **See** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

[6] In **Kazanjian**, we held that the defendant's analogous statement that it "does not operate any business in Philadelphia County that is necessary to its existence" was "a legal conclusion drawn from our case law on the quality-quantity test, not a factual averment." **See Kazanjian**, 284 A.3d at *3.

Second, resolution of the current venue issue requires discovery and a determination of whether (and to what extent) there were "furniture deliveries, setups, and removals made by [Defendant Gary's Furniture] in Luzerne County," as well as discovery and a determination of whether any such acts were "so continuous and sufficient to be termed general or habitual." *See Hangey*, 304 A.3d at 1146-1147 (as to the "quantity" prong of the "regularly conducts business" test, the Supreme Court emphasized: "[i]t must be remembered that it is the word 'regularly' which we are construing and not 'principally.' A corporation may perform acts 'regularly' even through these acts make up a small part of its total activities. Nor does 'regularly' necessarily mean . . . that the acts must be performed on a fixed schedule or, when driving is involved, over a fixed route. The question is whether the acts are `regularly' performed within the context of the particular business") (corrections omitted). This evidence is necessary to properly determine both the "quality" and "quantity" prongs of the "regularly conducts business" test. Further, since this evidence is in the exclusive possession of Defendant Gary's Furniture – and since this evidence has yet to be disclosed to Appellant or evaluated by the trial court – we vacate the trial court's order and remand this case for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/10/2025